**PHOTOMETRIC PRODUCTS COR-
PORATION, Plaintiff,**

v.

**Albert A. RADTKE, Radtke Patents Cor-
poration, Leonard Day, and Warner
Brothers Pictures, Inc., Defendants.**

United States District Court,
S. D. New York.

Nov. 29, 1954.

Ralph M. Snyder, Chicago, Ill., Joseph B. Forman, Brooklyn, N. Y., for plaintiff.

Robert W. Perkins, New York City (Stephen H. Philbin and Joseph D. Karp, New York City, of counsel), for defendant, Warner Bros. Pictures, Inc.

Henry Turin, New York City, for defendant, Radtke Patents Corp.

LEIBELL, District Judge.

This action was commenced June 3, 1940. Plaintiff, in its second amended complaint filed December 16, 1942, seeks a decree directing that a patent No. 2,-114,939 for a "Method of and Means for Optically Reproducing Sound", issued April 19, 1938 to Radtke Patents Corporation, on an application No. 609,196 filed in the United States Patent Office on December 27, 1922, by the defendant, Albert A. Radtke, be held to be the property of the plaintiff, Photometric Products Corporation; and directing that the defendant, Radtke Patents Corporation, assignee of Radtke by mesne assignments, be held to have acquired no title thereto and be required to deliver to plaintiff a full assignment thereof. Plaintiff also prays that Radtke Patents Corporation and the defendant, Warner Brothers Pictures, Inc. be enjoined from doing any acts encumbering or clouding the title of plaintiff to the said patent; that the said two corporate defendants be required to account to plaintiff for all profits and benefits received by them from certain licensees since the issuance of the said patent; that defendants surrender all muniments of title to the plaintiff; and that the defendant, Leonard Day, be decreed to hold said patent for the benefit of plaintiff.

Of the four defendants named in this action, Leonard Day, a citizen of New York, died June 29, 1943. His estate was not substituted as a party defendant under Rule 25(a), 28 U.S.C. Albert A. Radtke, also named as a defendant although no relief was demanded as against him, died February 20, 1951. His estate was not substituted as a party defendant. That left only Radtke Patents Corporation and Warner Brothers Pictures, Inc. as party defendants.

The case was tried before me in February and March of this year and final briefs were submitted at the end of May. No question of jurisdiction was raised by any of the parties. While working on my opinion on the merits, the defendants were notified that a serious question of jurisdiction had arisen, because the plaintiff and one of the defendants, Warner Brothers Pictures, Inc., were both Delaware corporations.

The defendant, Warner Brothers Pictures, Inc., made a motion last month to

dismiss the second amended complaint herein on the grounds that this Court does not have jurisdiction of the action, because (1) the action does not involve a federal question and (2) there is a lack of diversity of citizenship between the plaintiff, Photometric Products Corporation, and the defendant, Warner Brothers Pictures, Inc., both Delaware corporations.

The other remaining defendant, Radtke Patents Corporation, a New York corporation, at the same time moved to dismiss the second amended complaint on the grounds that the Court does not have jurisdiction of the action as to Warner Brothers Pictures, Inc., which Radtke Patents Corporation asserts is an indispensable party defendant.

▇ The plaintiff and Russell V. Judson, alleged to be "trustee" of the plaintiff under an agreement dated April 10, 1939, have made a cross motion to have Russell V. Judson as trustee of Photometric Products Corporation substituted as party plaintiff in place of Photometric Products Corporation, and for leave to

amend the title and the complaint accordingly.[1] Judson is now, and at all times since the institution of this action and for many years prior thereto was, a resident and citizen of the State of Michigan. Full diversity of citizenship would be present if the substitution were granted. Judson's citizenship, not that of Photometric Products Corporation would be controlling if he were the trustee for Photometric. Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254.

▇ Where no federal question is presented the jurisdiction of the federal courts depends upon diversity of citizenship. There must be complete diversity of citizenship between all the parties on one side of the litigation and all the parties on the other side. T. 28 U.S.C. § 1332; Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. Jurisdiction cannot be conferred by waiver or consent. Carpenter v. Carden, 2 Cir., 294 F. 515. For jurisdictional purposes a corporation is a

[1.] Three complaints have already been filed in this action and as part of the cross motion the plaintiff and Judson, as trustee, have asked leave to amend again. The most pronounced differences among the complaints involve the original complaint and the first amended complaint. The others are basically the same. The original complaint from paragraph 6 through 27 and in paragraphs 30 and 31 differs substantially from the subsequent complaints. The first complaint contained a detailed recital of the early history of the American Development and Operating Company and of how Virgil Crites and Photometric Products Corporation obtained the equipment of American Development and Operating Company and obtained some patents and patent applications. All of this material was omitted from the first amended complaint, and a cause of action and a demand for relief was added against the defendant, Leonard Day. The second amended complaint differs from the first amended complaint only in the addition of one paragraph (par. 36), which alleges that any right, title or interest Judson may

have acquired to patent applications 176,290 and 609,196 or to patent 2,114,939 had been assigned to Photometric Products Corporation and that he made no personal claim thereto.

The present proposed amended complaint does not contain the paragraph 36 relating to Judson's assignment of his rights to Photometric Products Corporation which the second amended complaint contains. Apparently this allegation was omitted because a judgment of dismissal on the merits as to Judson's claim was entered in December, 1942. The only other respect in which the proposed amended complaint differs from the second amended complaint is that it alleges that Judson is a trustee of Photometric Products Corporation pursuant to an agreement of April 10, 1939, between Judson and "The Trustees and Directors of Photometric Products Corporation". The present proposed amended complaint would substitute Judson as Trustee for Photometric Products Corporation, as the plaintiff in the place of Photometric Products Corporation.

citizen of the state which created it. Marshall v. Baltimore & O. R. Co., 16 How. 314, 57 U.S. 314, 14 L.Ed. 953.

The action involves (A) a claim to the title of two patent applications, No. 176,-290 and No. 609,196 of Albert A. Radtke and to a patent No. 2,114,939 issued to Radtke Patents Corporation on the latter application; (B) a claim for an accounting of royalties received by the corporate defendants from licensees; and (C) a claim for certain injunctive relief to protect the title and for the surrender of all muniments of title.

■■ The fact that the title to a patent or patent application is involved in an action in the federal courts does not present a federal question for adjudication and does not confer jurisdiction on the Court under T. 28 U.S.C. § 1331. Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676, certiorari denied 317 U.S. 672, 63 S.Ct. 77, 87 L.Ed. 540; Measurements Corp. v. Ferris Instrument Corp., 3 Cir., 159 F.2d 590; Lion Mfg. Corp. v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930. Injunctive relief, based on the claim to the patent, to restrain the defendants from doing anything in derogation of the title, and the claim for the surrender of the muniments of title, are in the same class as the claim to the title itself. Wilson v. Sandford, 10 How. 99, 51 U.S. 99, 13 L. Ed. 344. An action by an alleged owner of a patent to recover royalties collected by one claiming title to the patent does not present a federal question. Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703. See also, Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690.

The plaintiff's claim to the patent and the royalties is based on (a) an alleged express contract with the inventor, Albert A. Radtke, in January 1921, to assign to plaintiff, his employer, his patent applications for two years; (b) an alleged implied contract growing out of Radtke's employment by plaintiff at the time the invention is alleged to have been made by him; and (c) an alleged conspiracy, in which Warner Brothers Pic-tures, Inc. and Leonard Day (deceased) are charged with having been parties, which had as its objective the acquisition of the patent applications and the patent through assignment from Radtke to their designee, and then to the defendant, Radtke Patents Corporation, in which Warner Brothers Pictures, Inc. had an interest up to 1936.

The two main questions presented on these motions are: (A) is Warner Brothers Pictures, Inc. an indispensable party to the action; and (B) did the agreement of April 10, 1939, made by the directors of Photometric Products Corporation, whose action was later ratified by the stockholders of Photometric, constitute Russell V. Judson a "trustee" of all of Photometric's claims to the two Radtke patent applications and the Radtke patent and of all of Photometric's claims based thereon?

\* \* \* \* \* \*

The federal rules of civil procedure and the decisions of the federal courts have dealt with the question of who are proper parties to an action, Rule 20, who are necessary parties, Rule 19, and who are indispensable parties.

■ Rule 20(a) relates to the permissive joinder of parties, and as to defendants provides:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

A "defendant need not be interested in \* \* \* defending against all the relief demanded" and "judgment may be given \* \* \* against one or more defendants according to their respective liabilities".

■ Rule 19(b) deals with the necessary joinder of parties and in effect defines necessary parties as those who are

"not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties", and who "can be made parties without depriving the court of jurisdiction of the parties before it." If the effect of bringing in a necessary party would deprive the court of jurisdiction of the parties before it, "the court in its discretion may proceed in the action without making such persons parties * * * but the judgment rendered therein does not affect the rights or liabilities of absent persons". See also, State of Minnesota v. Northern Securities Co., 184 U.S. 199, 22 S.Ct. 308, 46 L.Ed. 499.

A necessary party defendant is a person who ought to be a party if complete relief is to be given; but the failure to have a necessary party before a federal court does not deprive the Court of the power to adjudicate the rights and liabilities of the parties already before it. The absence of a necessary party does not tie the hands of the court and deprive it of the power to accord any relief at all. The court may grant such relief as may be appropriate in respect to the parties before it, but not so as to affect the rights or liabilities of an absent necessary party.

 If a necessary party is actually named as a party defendant together with other defendants and there appears to be no diversity of citizenship between plaintiff and that defendant, then the federal court has no jurisdiction over the claim against that defendant, where diversity is the sole basis for federal jurisdiction, and the court must dismiss the action as against that defendant and proceed to render whatever judgment it properly can against the other defendants.

That brings us to a consideration of the term "indispensable party". The definition is not found in the Federal Rules of Civil Procedure. It must be gathered from the decisions of the federal courts. The following quotation from Barney v. Baltimore City, 6 Wall. 280, 284, 73 U.S. 280, 284, 18 L.Ed. 825, points out the distinction between proper parties, necessary parties and indispensable parties:

"There is a class of persons having such relations to the matter in controversy, merely formal or otherwise, that while they may be called proper parties, the court will take no account of the omission to make them parties. There is another class of persons whose relations to the suit are such, that if their interest and their absence are formally brought to the attention of the court, it will require them to be made parties if within its jurisdiction, before deciding the case. But if this cannot be done, it will proceed to administer such relief as may be in its power, between the parties before it. And there is a third class, whose interests in the subject-matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction.

"This class cannot be better described than in the language of this court, in Shields v. Barrow, [17 How. 130, 15 L.Ed. 158] in which a very able and satisfactory discussion of the whole subject is had. They are there said to be 'persons who not only have an interest in the controversy, but an interest of such a nature, that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.' "

 If an indispensable party is absent from an action, the court is obliged to dismiss the action entirely. Metrop-

olis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481, certiorari denied 336 U.S. 945, 69 S.Ct. 812, 93 L.Ed. 1101.

■ The defendant, Radtke Patents Corporation, contends that Warner Brothers Pictures, Inc., a defendant over whom the court has no jurisdiction, is more than a necessary party, that it is an indispensable party and that the action must therefore be dismissed as to the defendant, Radtke Patents Corporation, also. The test of whether parties are indispensable or not, is "one of substance; that is, whether the plaintiff can obtain relief which will later leave open to the absent parties the effective assertion of their rights". Roos v. Texas Co., 2 Cir., 23 F.2d 171, 172, certiorari denied 277 U.S. 587, 48 S.Ct. 434, 72 L.Ed. 1001. Whether a party's rights can be protected or not, is dependent upon the facts in each case.

■ Although there is no prescribed formula for determining in every case whether or not a party is indispensable, Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145, certain tests appear in the decided cases, from which the basic questions have been derived and set forth in State of Washington v. United States, 9 Cir., 87 F.2d 421, at page 427, as follows:

"After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?

"If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable."

■ But in applying these tests to the issues presented by the pleadings, the court keeps before it still another rule, which has been stated in Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, at page 70, 57 S.Ct. 51, at page 53, 81 L.Ed. 42, as follows: ·

"The rule is that if the merits of the cause may be determined without prejudice to the rights of necessary parties, absent and beyond the jurisdiction of the court, it will be done; and a court of equity will strain hard to reach that result. West v. Randall, Fed.Cas.No.17,424, 2 Mason 181, 196 (opinion by Mr. Justice Story); Cole Silver Mining Co. v. Virginia & Gold Hill Water Co., Fed.Cas.No.2,990, 1 Sawy. 685, 689 (opinion by Mr. Justice Field); Story's Equity Pleadings, 8th Ed., §§ 77, 96. And see Russell v. Clark's Executors, 7 Cranch 69, 98, 3 L.Ed. 271; Elmendorf v. Taylor, 10 Wheat. 152, 167–168, 6 L.Ed. 289. Cf. Equity Rule 39."

■ Warner Brothers Pictures, Inc.'s interest in this litigation is distinct and severable. It is not so entangled with the interests of the co-defendant, Radtke Patents Corporation, as to preclude a decree in its absence, which could properly protect it. The court could make a decree for much of the relief prayed for in the second amended complaint that would have no injurious legal effect upon the absent defendant's interests.

In so far as plaintiff's claims to the patent have their origin in the alleged contract of employment of Albert A.

Radtke by Photometric Products Corporation or the nature of the employment itself, Warner Brothers Pictures, Inc. was not a party to the alleged contract of employment, had no part in having Radtke so employed, and in no way was privy to the contract or derived any right from or under the contract.

To the extent that Photometric Products Corporation's claims are based on an alleged conspiracy of Warner Brothers Pictures, Inc. and Leonard Day to obtain for themselves the two Radtke patent applications and the Radtke patent, the claim asserted is a tort, involving a joint and several liability, and the failure to name Warner Brothers Pictures, Inc. or the dismissal of the action as to Warner Brother Pictures, Inc., for lack of jurisdiction, after being named as a defendant, would not call for a dismissal of the entire action as to Radtke Patents Corporation. Weaver v. Marcus, 4 Cir., 165 F.2d 862, 175 A.L.R. 1305; State of Georgia v. Pennsylvania Railroad Co., 324 U.S. 439, 463, 65 S.Ct. 716, 89 L.Ed. 1051.

Leonard Day, a resident and citizen of New York, was alive when the action was commenced in June 1940 and the court had jurisdiction of the action as to him, because there was diversity of citizenship. He died June 29, 1943. If the action had been dismissed as to Warner Brothers Pictures, Inc. because of lack of jurisdiction, while Day was still alive, the court could have proceeded with the determination of the plaintiff's claim against Day based on the alleged conspiracy. Leonard Day's legal representative was not substituted as a party defendant in his place and stead. But the Radtke Patents Corporation is alleged to be the holder of the legal title to the Radtke patent as a result of the alleged conspiracy. The Radtke Patents Corporation in that respect would be the agent of the alleged conspirators, possessing part of the fruits of the alleged conspiracy, and the possession would be the re-

sult of the joint acts of the alleged conspirators.

The charge of conspiracy is grounded on the allegation that plaintiff is the equitable owner of the patent applications and the patent. The charge of conspiracy would fall if plaintiff failed to prove its equitable title, which depends on the alleged contract between plaintiff and Albert A. Radtke and the purposes for which he was employed by plaintiff. The attack on Radtke Patents Corporation's title to the patent would put in issue the means by which that corporation obtained its title. The proof on that issue would include the acts of the alleged conspirators by which they obtained the title for Radtke Patents Corporation. In refuting that charge Radtke Patents Corporation could call as witnesses, or take the depositions of, those alleged to have been involved in the conspiracy. That was done on the trial of this case. Under the allegations of the second amended complaint the court could proceed with an adjudication of the conspiracy charge, without either Leonard Day or Warner Brothers Pictures, Inc. being parties.

If the court entered a decree for the plaintiff against the defendant, Radtke Patents Corporation, that would not preclude Warner Brothers Pictures, Inc. from raising any defence it might have in any subsequent action which might be instituted against it. The prime subject matter of this action is the title to the patent in question. If that title were adjudged to be in the plaintiff, then Warner Brothers Pictures, Inc., as a licensee of the patent in question, would have its day in court when any claims were asserted against it by the new owners of the title to the patent. So would all licensees.

■ In a suit for the title to a patent, the non-exclusive licensees of the record owner are not indispensable parties. If they were, a plaintiff might be precluded from bringing a suit of this

type unless he could discover and join all of the licensees. In the case at bar, plaintiff knew of and listed in its complaint, a number of other licensees of the patent in suit. They are not, and need not be parties. No one has so contended in this action.

Warner Brothers Pictures, Inc. had a large stock interest in Radtke Patents Corporation until December 1936, when it severed all connections with that corporation. At that time Warner Brothers Pictures, Inc. gave up all its stock interest in Radtke Patents Corporation, in exchange for an agreement by Radtke Patents Corporation to repay $104,101.70 to Warner Brothers Pictures, Inc. out of Radtke Patents earnings, and to give Warner Brothers Pictures, Inc. a non-exclusive license under the Radtke application, for itself. Radtke Patents Corporation also agreed to give RCA, which supplied Warner Brothers Pictures, Inc. with apparatus, a non-exclusive license, with the right in RCA to grant sub-licenses in certain fields. None of the $104,101.70 has ever been repaid by Radtke Patents Corporation to Warner Brothers Pictures, Inc. Its status as a creditor of Radtke Patents Corporation would not be legally affected by a decree against Radtke Patents Corporation in this case. Warner Brothers Pictures, Inc. would still be both a creditor and a non-exclusive licensee of Radtke Patents Corporation.

As counsel for defendant Warner Brothers Pictures, Inc. stated in his trial brief:

"From December, 1936 to date, Warner Bros. has had no interest in Radtke Patents, the Radtke application or the resulting Radtke patent. Warner Bros. has merely an immunity from suit (non-exclusive license) on the Radtke patent and is owed $104,101.70 by the present owner of that patent, Radtke Patents."

\* \* \* \* \* \*

At the time this action was commenced (June 3, 1940) the charter of Photometric Products Corporation had been revoked by the State of Delaware because of non-payment of taxes. That fact must have been known to the directors of Photometric Products Corporation, at least as far back as April 10, 1939, when they made a contract with Judson.[2] The recital in the Whereas

2.
"Chicago, Illinois
April 10th 1939.
"Agreement

"Whereas R. V. Judson is the owner of certain former assets of Photometric Products Corporation.

"Whereas R. V. Judson is also a judgment creditor of Photometric Products Corporation.

"Whereas R. V. Judson believes that some remaining assets and rights of Action are not salable property to a judgment creditor and whereas any and all such rights are in the hands of the last directors as Trustees on behalf of the stockholders of Photometric Products Corporation.

"Whereas R. V. Judson is possessed of certain knowledge and believes that some benefit should be obtained for the benefit of the stockholders of the Photometric Products Corporation. Therefore it is agreed as follows:—

"The Trustees and Directors of the Photometric Products Corporation hereby confer upon R. V. Judson irrevocable authority to act as their Trustee and Attorney-in-fact and representative with the sole irrevocable right to adjust, settle or enforce by suit or otherwise all their claims or rights of action as may now exist or hereafter arise against any persons, partnerships, corporations or combinations thereof as may appear in the judgment of R. V. Judson to be collectible or enforcible.

"R. V. Judson as trustee for the directors of the Photometric Products Corporation agrees to pay to said directors, as such Trustees for the Stockholders fifteen percent of any and all amounts which he may receive or recover upon any or all of the combined assets or rights recovered, whether under any rights recoverable under his legally enforcible present rights or under such rights as might only be recoverable by Stockholders rights' of enforcement only.

clause "that some remaining assets and rights of Action * * * are in the hands of the last directors as Trustees on behalf of the stockholders of Photometric Products Corporation", was a legal assumption, and whether or not it was correct, would depend on the law of Delaware where Photometric Products Corporation was incorporated.

When the agreement with Judson (Ex. Y) was executed on April 10, 1939 the Photometric Products Corporation was not legally in existence since its charter had been forfeited on April 1, 1931, for failure to pay franchise taxes. The repeal of the Photometric Products Corporation's charter had been proclaimed by the Governor of the State of Delaware on January 19, 1932. Under those circumstances it would seem that in order to make a proper contract with Judson on April 10, 1939 the directors or officers of the defunct Photometric Products Corporation should have had a receiver or trustee appointed by the Chancery Court of Delaware and that person would then have had capacity to make the agreement. Section 43 Delaware General Corporation Law; Rev.Code of 1935, § 2075, now 8 Del.C. § 279. Addy v. Short, 8 Terry 157, 47 Del. 157, 89 A.2d 136; Harned v. Beacon Hill Real Estate Co., 9 Del.Ch. 411, 84 A. 229. There appears to be no authority under Delaware law for the action of the last directors of Photometric Products Corporation in entering into the Judson contract and if subsequent action had not been taken to reinstate the charter, the validity of the contract with Judson might be doubtful.

However, on June 25, 1940, pursuant to section 74 of the General Corporation Law of Delaware, Rev.Code of 1935, § 2106, the corporate charter of Photometric Products Corporation was reinstated.

The effect of the reinstatement of the charter of Photometric Products Corporation was to completely validate the contract of April 10, 1939.[3]

---

"He as irrevocable Trustee for the Directors is to retain eighty-five percent of any and all collections made as compensation for his work and expenses incurred.

"In consideration of the foregoing the said parties hereto at once accept the duties hereunder the above agreement and bind themselves and each thereof and covenant that they and each thereof will devote the knowledge heretofore obtained and pursue the further research necessary to the purposes of this Contract and the enforcement of the purposes above set forth.

"Upon the signing of this agreement all records of Photometric Products Corporation of every kind and nature are to be turned over to R. V. Judson, Trustee and Attorney-in-fact by whomsoever may possess the same.

"And said Judson agrees to at once proceed to the best of his ability and at his own expense to enforce as completely as possible the rights hereinabove contemplated against any and all persons and corporations who in good conscience are obligated to the Photometric Products Corporation.

"In witness whereof etc."

3. Section 74 provides that:
"Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its charter by such corporation, its officers and agents during the time when such charter was inoperative or void or after its expiration by limitation, with the same force and effect and to all intents and purposes as if said charter had at all times remained in full force and effect; and all real and personal property, rights and credits, which were of said corporation at the time its charter became inoperative or void, or expired by limitation and which were not disposed of prior to the time of such revival or renewal shall be vested in such corporation, after such revival and renewal, as fully and amply as they were held by said corporation at and before the time its charter became inoperative or void or expired by limitation and said corporation after such renewal and revival shall be as exclusively liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to such reinstatement, as if its charter had at all times remained in full force and effect."
8 Del.C. § 312(e).

In early 1941 a meeting of the stockholders of Photometric Products Corporation was called for the purpose of having them ratify and approve the action of the directors in making the agreement of April 10, 1939. No quorum was present, but at an adjourned meeting, on December 19, 1941 with a quorum present, a resolution [4] was passed and the action of the Directors in entering into the agreement was ratified and confirmed. The resolution adopted by the stockholders did not enlarge the provisions of the April 10, 1939 agreement or confer upon Judson any new powers.

In 1941 the defendants in this present action raised the question that Judson, individually, was an indispensable party plaintiff and should be so joined because he personally claimed to have a joint interest in plaintiff's cause of action or to own the patent applications No. 176,290 and No. 609,196 and the patent No. 2,-114,939. Judson's personal claims thereto were based (1) upon an assignment which he had obtained on December 22, 1938, from O'Connor, a former president of Photometric Products Corporation, of O'Connor's claimed rights to the patent applications and patent, and (2) upon an assignment Judson had obtained from Mitchell who had bought in certain of Photometric Products Corporation's assets, including patent rights, at a Sheriff's sale on a judgment Mitchell had obtained against Photometric Products Corporation for services as its attorney.

Defendants made a motion on October 3, 1941, to dismiss for failure to join as a party plaintiff, Russell V. Judson, an indispensable party. In opposing that motion Judson made an affidavit, dated October 4, 1941, in which he stated:

"The agreement I have with the corporation may even be attacked by the stockholders so it is futile to state that I am the owner of the corporation and therefore I should be made a party plaintiff. Whatever claims or property I had of Photometric Products Corporation, I am under agreement to convey to Photometric Products Corporation in order that all of the assets may be held by one party.

"In the final analysis I am merely an agent irrespective of the title by which I have been designated of the plaintiff corporation. I have asserted no personal claim against any of these defendants and the very exhibit, a letter to the American Telephone and Telegraph Company, shows very clearly that the claim, if any, is made on behalf of the plaintiff corporation and not on behalf of deponent personally."

On March 30, 1942, Mr. Meisnere, then plaintiff's attorney in this action wrote to Mr. Cuningham, an associate of Mr. Philbin, of counsel for defendant Warner Brothers, stating:

"As to any possible claim that Russell V. Judson might have against your clients or any of the other defendants in the action, that contingency we propose to cure in the following way. We propose to have Russell V. Judson execute an assignment of any and all claims arising out of this patent and the prior application to Photometric Products Corporation. As you can understand, we cannot possibly leave ourselves open by giving you a release and then later be faced with the possibility of a claim that since Mr. Judson released you and since Mr. Judson was the owner of the claims of this patent, that he thereby re-

---

4. "That the action of the officers and Board of Directors of Photometric Products Corporation in entering into the contract of 4/10/39 with R. V. Judson to attempt the collection by suit or otherwise all manner of property and/or claims of the Photometric Products Corporation and all other acts that the officers or board may have taken in connection therewith be and is hereby ratified and confirmed by the stockholders and proxies present."

leased you and Photometric would have no claim against you.

"I don't know how successful that contention might be if raised by you but we do not wish to put ourselves in a position where we would have to defend against that type of contention, and therefore we wish to put title in the patent application in the present plaintiff and thereby assure you that there will be no subsequent claim by Mr. Judson."

The motion was disposed of by a consent order, dated April 23, 1942, adding Russell V. Judson as a party plaintiff and directing him to file a complaint within ninety days. In the event Russel V. Judson did not so file a complaint the action was to be dismissed. On August 12, 1942, defendants moved for final judgment dismissing the action on the ground that the order of April 23, 1942, had not been complied with.

Thereafter a second amended complaint was served in which Photometric Products Corporation and Russell V. Judson (individually) were parties plaintiff. Paragraph 36 of the second amended complaint alleged:

"THIRTY-SIXTH: The plaintiff Russell V. Judson, hereby alleges that any right, title or interest he may have acquired if any to Applications Number 176–290 or 609–196 or the patent 2,114–939, was assigned, transferred and set over to the plaintiff Photometric Products Corporation and that the plaintiff Russell V. Judson makes no personal claim to either or any of the aforesaid applications or patent."

On December 16, 1942, a final judgment was entered dismissing Judson's claim as a plaintiff, on the merits, in view of the allegation in paragraph 36th of the second amended complaint, which was also formally filed December 16, 1942.

When the motion was made to bring in Judson individually, as a party plaintiff, it was never asserted by him or the plaintiff that Judson was a trustee for Photometric Products Corporation and that all its assets had been transferred to him, as such trustee, including the claims asserted in this action. On the contrary, steps were taken by Judson individually to assign to Photometric Products Corporation "any and all claims arising out of this patent and the prior application" so as "to put title in the patent application in the present plaintiff", Photometric Products Corporation.

During all the years that intervened between December 1942, when Judson's claim as an individual was dismissed, and the trial of the action before me in February and March of this year it was never asserted by anyone in any motion in this action that Judson was anything but the agent for Photometric Products Corporation, in complete charge of this action, possessing an irrevocable power of attorney. What Judson may have done, assuming to act as "trustee" in making any agreements or issuing licenses or making any demands on anyone in relation to the Radtke patent owned by Photometric was inconsistent with his declaration in his affidavit of October 4, 1941.

The agreement of April 10, 1939, contains no words of assignment or transfer of any of the assets of the corporation, such as its claims or rights of action. The "irrevocable authority" conferred by the trustees and directors of the corporation on Judson was "to act as their Trustee and Attorney-in-fact and representative with the sole irrevocable right to adjust etc." Even as to the pertinent records of Photometric Products Corporation, the agreement provided only that they be "turned over" to "R. V. Judson, Trustee and Attorney-in-fact".

The use of the word "Trustee" in the agreement of April 10, 1939, did not make Judson a trustee. It requires more than the use of that term to constitute a trust. If he was to be trustee of the claims something would have to be trans-

ferred or conveyed to him. Nothing was. The agreement of April 10, 1939 has none of the provisions usually inserted in a trust agreement. The legal language used in that agreement is that usually found in an irrevocable power of attorney.

Rule 17, Federal Rules of Civil Procedure, provides that every action shall be brought in the name of the real party in interest. Photometric Products Corporation is the real party in interest as to the claims pleaded in the second amended complaint.

Judson does not have an agency coupled with an interest because his interest is in the proceeds of the exercise of the power, rather than in the subject matter on which the power is exercised. Hunt v. Rousmanier's Adm'rs, 8 Wheat. 174, 203, 21 U.S. 174, 203, 5 L.Ed. 589; Terwilliger v. Ontario, C. & S. R. Co., 149 N.Y. 86, 43 N.E. 432. He is an agent of Photometric Products Corporation not its trustee. The distinction between the two is discussed in the Restatement of the Law of Trusts, § 8 at p. 28. See also Clark v. Chase Nat. Bank, D.C., 45 F.Supp. 820; Lewis v. Canadian Pac. R. Co., 7 Cir., 39 F.2d 834, certiorari denied 282 U.S. 869, 51 S.Ct. 76, 75 L.Ed. 768; Spencer v. Standard Chemicals & Metals Corporation, 237 N.Y. 479, 143 N.E. 651; Moore's Federal Practice, 2nd Ed., par. 17.10.

All of the statements contained in this opinion as to the relief plaintiff could receive as against the defendant, Radtke Patents Corporation, are based on the allegations of the second amended complaint. The decision of the action on the merits is still another matter, which will be covered in a separate opinion.

For the reasons hereinabove stated, the pending motions are disposed of, as follows: (1) the motion of Warner Brothers Pictures, Inc. to dismiss the action as to it, because of lack of jurisdiction, since the action does not involve a federal question and there is no diversity of citizenship between said defendant and plaintiff, is granted; (2) the motion of Radtke Patents Corporation to dismiss the action as to it, because of the absence of an indispensable party, Warner Brothers Pictures, Inc., is denied; and (3) the motion of plaintiff and Russell V. Judson, as alleged trustee of plaintiff, to have Russell V. Judson, as such trustee, substituted as party plaintiff in place of the present plaintiff, Photometric Products Corporation, and for leave to amend the title and the complaint accordingly, is denied.