AMERICAN BERYLLIUM & OIL CORPO-RATION, a corporation, Appellant (Plaintiff below),

v.

Edmund CHASE, a/k/a Edwin Chase, and Mabel Chase, Appellees (Defendants below).

No. 3536.

Supreme Court of Wyoming.

March 21, 1967.

Robert A. Gish, Basin, for appellant.

No appearance for appellees.

Before GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice GRAY delivered the opinion of the court.

This appeal involves an order of the trial court dismissing plaintiff's action for want of an indispensable party defendant.

There is no dispute as to the facts relating to the question involved. In June 1964 the defendants, as lessees, assigned to the plaintiff two oil and gas leases previously obtained from the State covering certain lands situate in Natrona County, Wyoming. Shortly thereafter the assignments were forwarded by plaintiff to the office of the commissioner of public lands for approval by the board of land commissioners. Prior to the time that the board acted upon the assignments the defendant Edmund Chase, by letter dated August 7, 1964, advised the commissioner that plaintiff had defaulted in performance of the consideration for the assignment of the leases and "will not be able to handle the deal" and asked that the assignments be returned to him. This was done and the defendants have retained possession of the assignments at all times since. Plaintiff was not informed by the defendants that said assignments had been returned to them and acquired no knowledge thereof until sometime in November 1964. Thereupon demand was made for return of the assignments but defendants refused. Shortly thereafter plaintiff commenced the within action against the defendants, alleging among other things that the defendant Edmund Chase fraudulently and without authority obtained the return of said assignments and that without such assignments plaintiff was unable to obtain the approval of the board of land commissioners to the assignments and because of the defendants' actions had been unable to obtain possession of the premises. The relief sought was a judgment of the court requiring the defendants to deliver up to plaintiff the said assignments and damages for expenses incurred in attempting to obtain possession of the assignments and for loss of use of the premises.

During the trial of the case it developed that one G. W. Kirby, in the year 1961, had entered into an agreement with the defendants wherein it was recited that for certain considerations the defendants would assign one of the leases to Kirby. Apparently a similar agreement was made with respect to the other lease. These agreements were never recorded and during the trial were described by both parties and by Kirby as operating agreements. Pursuant to the agreements Kirby took pos-

session of the lands embraced within the leases and he was shown on the records of the board of land commissioners as the operator for at least one of the leases. At the time plaintiff obtained the assignments from the defendants it knew that Kirby was in possession and that he was claiming an interest in the leases. Although Kirby testified at the trial that he had a one-half interest in each of the leases, the documentary evidence does not bear him out; the public records disclose no such interest; and there is no substantial evidence to indicate that his interest was anything more than that of an "operator." While there is other testimony relating to the interest of Kirby, the foregoing is sufficient for our purposes.

At the conclusion of the plaintiff's case in chief the defendants moved for an order of dismissal on the ground that the evidence adduced conclusively established "the absence of an indispensable party defendant, namely, Mr. Kirby." The motion was directed at plaintiff's claim for delivery of the assignments. The motion was overruled at that time but was renewed after all the evidence had been submitted and, as stated, the trial court granted the motion.

Whether or not Kirby was a proper party to the action in order to avoid a multiplicity of suits is not before us for the reason that no effort was made by the plaintiff, the defendants, Kirby, or the court to bring Kirby into the litigation. Furthermore, for all that appears in this record it would seem in the first instance that the trial court, under the provisions of Rule 21, W.R.C.P., if it was satisfied that Kirby was a necessary or indispensable party, should have entered an order making him a party defendant rather than to have entered a judgment of dismissal. We are also of the view that the court erred in its conclusion that Kirby was an indispensable party.

There is no hard and fast rule by which it can be determined whether or not a party having an interest in a proceeding is an indispensable party.

Judge Kerr in Amerada Petroleum Corporation v. Rio Oil Co., D.C.Wyo., 225 F.Supp. 907, 910, stated the classic general rule as follows:

"An indispensable party has been defined as one without whose presence before the court a final decree could not be made without either affecting his interest or leaving the controversy in such a condition that its final determination might be wholly inconsistent with equity and good conscience. * * * Whether or not a person is an indispensable party cannot be determined by a prescribed formula because the facts peculiar to each case are determinative of that question. * * *"

The rule is well supported by authority. We discussed the rationale of the rule in the early case of Field v. Leiter, 16 Wyo. 1, 90 P. 378, 125 Am.St.Rep. 997, rehearing denied 92 P. 622. The adoption of Rule 19(a), W.R.C.P., did not change this early concept governing proceedings in equity. Turner v. Brookshear, 10 Cir., 271 F.2d 761, 764. A concise statement of the specific tests under the rule is found in Photometric Products Corporation v. Radtke, D.C.N.Y., 17 F.R.D. 103, 109, as follows:

" 'After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience?

" 'If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the

affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable.' "

■ Under the foregoing, and keeping in mind that plaintiff was not seeking to quiet its title to the leases; was not seeking to obtain possession of the premises covered by the leases; was not seeking to recover from Kirby any fruits of the leases; but was simply endeavoring to recover from the defendants its muniments of title for the purpose of presenting them to the State for approval, we cannot say that any one of the foregoing tests was required to be answered in the affirmative. Whatever interest Kirby had was deraigned from the defendants at the time plaintiff obtained the assignments, and we fail to see how the physical possession of the assignments could affect that interest in any way.

Reversed.

HARNSBERGER, C. J., not participating.