Clay SCHWENN, by and through his next of friend, Carl J. Schwenn, et al., Plaintiffs,

v.

PAMIDA and Bud Berma Imports, Defendants.

No. C74–201.

United States District Court, D. Wyoming.

April 24, 1975.

H. W. Rasmussen of Wolfe & Rasmussen, Sheridan, Wyo., for plaintiffs.

Dennis M. Hand of Hand, Hand & Hand, P. C., Casper, Wyo., for defendant Pamida.

MEMORANDUM OPINION

KERR, District Judge.

Plaintiffs have filed this action premised upon injuries suffered by Clay Schwenn resulting from ignition of a jacket worn by, and ensuing burns to, Clay Schwenn. Plaintiffs purchased the

jacket from Gibson Products of Sheridan, Inc. They allege, on the part of Pamida, negligence in the selection of and offering for sale of the nylon jacket; breach of the warranties of fitness for purpose and merchantability; and negligence in failing to warn as to the flammability and hazardous condition of the jacket. Pamida's Answers to Interrogatories reveal that Gibson Products of Sheridan, Inc., a Wyoming corporation, is owned by Gibson Products of Rock Springs, Inc., whose stock in turn is wholly owned by Pamida. Insofar as it is pertinent to the present issues, the jacket was part of an order placed by Gibson Products of Sheridan, Inc., through the offices and buyers of Pamida. Payment for these jackets was made by Pamida through its Omaha, Nebraska, offices.

Pamida has moved to dismiss, alleging that Gibson Products of Sheridan, Inc., as actual seller, is an indispensable party according to state law; and, that if it were joined there would not be diversity between the parties and the Court therefore would not have jurisdiction.

■■ Although there was some confusion, more apparent than real, and some split of authority, the matter of whether state law controlled compulsory party joinder was laid to rest in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The Court, in a footnote, declared that "[I]n a diversity case the question of joinder is one of federal law . . . . To be sure, state-law questions may arise in determining what interest the outsider actually has . . . but the ultimate question whether given those state-defined interests, a federal court may proceed without the outsider is a federal matter." 390 U.S. 102 at 125, n. 22, 88 S.Ct. at 746. Pamida's reliance on American Beryllium & Oil Corporation v. Chase, 425 P.2d 66 (Wyo.Sup.Ct.1967) as controlling whether a party is indispensable is misplaced. Rather, the Court must look to Fed.R.Civ.P. 19 and what has been termed its "pragmatic

dictates." Federal Resources Corp. v. Shoni Uranium Corp., 408 F.2d 875 (10th Cir. 1969). The rule therefore is that state law determines the interest of the parties; federal law determines whether these state-created interests render a missing party indispensable. Further, the issue is not whether the Court would be without jurisdiction if the missing party were joined, but rather the issue is whether in equity and good conscience the action should proceed among the parties before the Court, or should be dismissed, the absent person being thus regarded as indispensable. Fed.R.Civ.P. 19(b).

■ The courts have commonly strained hard to classify a missing party as not "indispensable" if the alternative was to dismiss the action and perhaps preclude the parties before them from any effective relief. See Kroese v. General Steel Castings Corp., 179 F.2d 760 (3d Cir. 1950) where a holding that a majority of directors were indispensable would have barred any relief in any forum. Although the principle is elementary that a plaintiff has the right to select his own forum and that a defendant may not alter the essential controversy or add parties so as to oust the plaintiff from the forum of his choice, see Amerada Petroleum Corp. v. Rio Oil Co., 225 F.Supp. 907 (D.C.Wyo.1964), the Court must be mindful that a legal controversy should be settled when possible, in whole, and not through piecemeal litigation and that joinder is permitted so as to provide an adjudication that is binding on all interested persons.

■■ Plaintiffs' purchase was made from Gibson Products of Sheridan, Inc. Under Wyoming law, a *seller* may, in particular circumstances imply certain warranties, including those of merchantability and fitness for purpose. See Wyo.Stat. §§ 34–2–314 and 34–2–315 (Cum.Supp.1973). It has not been shown that Pamida was a manufacturer or producer of the jacket which caused the injuries on which negligence might be premised. Further, Gibson Products of Sheridan, Inc., as is Pamida, is sub-

ject to suit in Wyoming state court. Any judgment in this Court would necessarily involve a determination that the seller had implied certain warranties under the claims for relief now stated by plaintiffs, and this determination would be prejudicial to Gibson Products of Sheridan, Inc., and could collaterally estop it from controverting the issue of implied warranties. It does not appear that plaintiffs would be barred from any effective relief, and any judgment rendered herein might well be inadequate, leading to piecemeal litigation.

For the foregoing reasons, it appears that Gibson Products of Sheridan, Inc., is an indispensable party and should be joined, thus necessarily precluding further action in this Court. The motion to dismiss will be granted and an order entered.