Michael Darryll REILLY, Appellant (Defendant),

v.

Rimvyda Eleonora REILLY, Appellee (Plaintiff).

No. 83–87.

Supreme Court of Wyoming.

Nov. 3, 1983.

John E. Masters of Dray, Madison & Thomson, P.C., Cheyenne, for appellant.

Michael H. Schilling of Pence & MacMillan, Laramie, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from a judgment and decree of divorce. The principal issues appealed to this court involve the division of property.

We will affirm.

Appellant raises the following issues:

"A. FAILURE TO JOIN INDISPENSABLE PARTIES

"THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES. Defendant has been prejudiced by the Court's division of property without having first determin[ed] the existence and extent of the property ownership of the parties. This fact could be accomplished only by

joinder of the other shareholders. Alternatively, the Defendant has been prejudiced by the Court's Order that the Defendant must purchase an interest from the Plaintiff in property the Plaintiff did not own and could not convey to him.

"B. IMPROPER USE OF DISCOVERY DEPOSITION

"THE TRIAL COURT ERRED IN PERMITTING PLAINTIFF TO USE DEFENDANT'S DISCOVERY DEPOSITION IN LIEU OF ACTUAL TESTIMONY BY PLAINTIFF'S EXPERT. In addition to violating procedural rules for presentation of evidence, the trial court permitted a violation of Defendant's right to interrogate the witness in open court before the trier of fact. This procedure denied the Defendant the right to effectively confront and cross-examine the witness."

## FACTS

Appellee-plaintiff sued and appellant-defendant counter-claimed for divorce from one another. Incidental to the divorce both parties requested an equitable division of property. There was a stipulation for the custody and support of the children, and that is not an issue in this case.

The dispute at trial concerning the property centered primarily around the existence, the extent of ownership, and value of an interest in a closely held corporation known as Mikvyda, Inc., which owned and operated a McDonald's fast food franchise at Laramie, Wyoming. The corporation was owned by appellee, appellant, and appellant's parents. Appellee filed a Motion to Estop Defendant [appellant] From Denying the Existence of Certain Marital Assets. At the conclusion of the hearing on this motion, the court found that the appellee and appellant

"* * * are owners of an interest in Mikvyda, Inc. and such ownership constitutes a portion of the marital estate, and Defendant is estopped to deny the existence of such interest as a marital asset, subject to future determination at trial

by this Court of the extent and valuation of such ownership."

Appellant moved to dismiss for failure to state a claim upon which relief could be granted and for failure to join indispensable parties. The court denied both of these motions.

During the course of discovery, appellant noticed the taking of the deposition of appellee's expert witness employed to testify concerning the value of the Mikvyda marital asset. The notice stated that the deposition would be taken for the purpose of discovery upon oral examination. Appellee offered, and the discovery deposition of the witness was received at trial over appellant's objection.

There was conflicting testimony concerning the extent of ownership in Mikvyda, Inc. The corporation has never issued stock nor have stock subscription agreements been executed and approved. At various times throughout the course of the marriage, appellant represented to appellee and to others that he believed he owned 44% to 49% of the stock of the corporation. Tax returns filed with the Internal Revenue Service indicated that the extent of ownership was 44%.

Both parties presented expert testimony on the question of the value of Mikvyda, Inc. The court found that the extent of the appellee's marital interest in Mikvyda, Inc. was 22% and valued this interest at $121,517.88. After deducting the difference between the equity in the respective parties' residences, the court awarded to appellee $75,117.88 to be paid in equal monthly installments over a ten-year period. The defendant was awarded as his sole and separate property such interest as the parties had in Mikvyda, Inc.

I

FAILURE TO JOIN INDISPENSABLE PARTIES.

Appellant argues that in order to determine the degree of ownership in the Mikvyda marital asset, it was essential that the non-party, co-owners be joined. Appellant

contended that an equitable division of this interest could not be made without first determining the extent of all ownership in Mikvyda, and that the absence of the other co-owners in the corporation precluded the trial court from determining the rights of the husband and wife. Rule 19, W.R.C.P., governs joinder, and provides in part:

"(a) *Persons to be joined if feasible.*—A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

We are not concerned with whether or not appellant's parents were proper parties to the action in order to avoid a multiplicity of suits because there was no effort by either party to bring them into the litigation. *American Beryllium & Oil Corp. v. Chase,* Wyo., 425 P.2d 66 (1967). Proper parties may, but need not, be joined.

Still we have the question, were appellant's parents indispensable parties? We have defined an indispensable party as:

" 'An indispensable party has been defined as one without whose presence before the court a final decree could not be made without either affecting his interest or leaving the controversy in such a condition that its final determination might be wholly inconsistent with equity and good conscience. * * * Whether or not a person is an indispensable party cannot be determined by a prescribed formula because the facts peculiar to each

case are determinative of that question. * * * ' " Id. at 68.

In *Washington v. United States,* 87 F.2d 421, 427 (9th Cir.1936), the court set out the following criteria for determining whether or not a party is indispensable:

" * * * After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience? "If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party [may be a proper or] a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable." See also, *Photometric Products Corp. v. Radtke,* 17 F.R.D. 103, 109 (D.C.N.Y.1954); *American Beryllium & Oil Corp. v. Chase,* supra; *Oxley v. Mine & Smelter Supply Co.,* Wyo., 439 P.2d 661 (1968).

Some courts make a distinction between necessary and indispensable parties. Necessary parties are those who might be joined to save further litigation or to protect the interest of another party. 59 Am.Jur.2d Parties § 12. It is not error for the court to refuse to join either proper or necessary parties. Only indispensable parties must be joined.

 In this situation, the four questions can be answered in the affirmative. The interests of the co-owners were not adjudicated in this proceeding. There was no disposition of the property of third parties. Stock did not change hands; the own-

ership and the control of the corporation was not affected. The effect of this decision did not declare appellee an owner in the corporation nor did she receive a transfer of any stock. We fail to see how such a limited finding could be prejudicial to the corporation or the shareholders. *Coman v. Coman,* 492 F.2d 273 (3rd Cir.1974). Between the husband and wife, the trial court has jurisdiction to adjudicate the character of any property claimed to be a marital asset. *Merritt v. Merritt,* Wyo., 586 P.2d 550 (1978); *Melny v. Melny,* 90 Cal.App.2d 672, 203 P.2d 588 (1949).

In situations where a third party is not indispensable, the third party may either seek to intervene or be joined by either party. *Merritt v. Merritt,* supra. In this case, appellant could have brought his parents, the co-owners, into the lawsuit. He could have taken affirmative action himself to negate any difficulties. He did not take this action and, therefore, can only blame himself if there are future problems.

The trial court exercises discretion in dividing marital property. The result will not be disturbed on appeal except on clear grounds and extreme cases. *Kane v. Kane,* Wyo., 577 P.2d 172 (1978); *Biggerstaff v. Biggerstaff,* Wyo., 443 P.2d 524 (1968). There was no abuse of discretion in this case.

## II

## IMPROPER USE OF DISCOVERY DEPOSITION.

Appellant contends that the trial court erred in allowing appellee to put into evidence the discovery deposition taken by appellant in lieu of appellee presenting his expert as a witness at the trial. Appellant alleges that the trial court abused its discretion in receiving in evidence the deposition of appellee's expert witness because: (a) the deposition was for the purpose of discovery rather than preserving testimony; and (b) the party in control of selecting the witness should insure the presence of that witness at trial or be considered to have "procured" the absence of the witness in the event the witness does not appear for trial.

Appellant contends that because the deposition was identified as being taken for discovery purposes, it could not be used at trial to supply evidence on valuation. We must agree with *Savoie v. LaFourche Boat Rentals, Inc.,* 627 F.2d 722 (5th Cir.1980), which states that appellant "cites no authority, and we know of none, in support of the proposition that discovery depositions may not be used at trial against the party who conducted them." There is not a distinction as to the admissibility at trial between a deposition taken solely for purposes of discovery and one which is taken for use at trial. 23 Am.Jur.2d Depositions and Discovery § 174.

The decision to avail oneself of depositions of witnesses involves the risk that these depositions will have an evidentiary value and may be used at trial. One should prepare accordingly.

Rule 32(a)(3), W.R.C.P., provides:

"(a) *Use of depositions.*—At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

\* \* \* \* \* \*

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is absent from the county where the trial or hearing is held, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of

presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

The trial court received in evidence the deposition of the expert witness because the witness was a non-resident and, therefore, "absent from the county where the trial" was being held. Appellant would have us find that the absence of the witness was "procured" by appellee. He argues that a party in control of selecting a non-resident expert witness should insure his presence at trial. If the witness is unavailable for trial, the deposition should not be allowed.

Appellee did not "procure" the absence of the witness. The witness was never within the jurisdiction of the court. Appellant should have known from the beginning that there was a risk that appellee's expert would not be at trial. We do not see how appellant can complain. He had his own expert witness present and testifying at the trial to the evaluation of the corporation; by knowing in advance the evidence of appellee's expert witness, offered by deposition, he was in a position to refute that testimony.

We fail to see how this advantage was prejudicial.

Affirmed.