**Kari Lou SHIELDS,
Appellant (Plaintiff),**

v.

**Robert C. CARNAHAN, M.D.,
Appellee (Defendant).**

**No. 86–312.**

Supreme Court of Wyoming.

Nov. 3, 1987.

Michael S. Messenger and Ronald P. Jurovich of Messenger & Jurovich, Thermopolis; and Carl V. Crow, Houston, Tex., for appellant (plaintiff).

Carl L. Lathrop and Peter K. Michael of Lathrop & Uchner, P.C., Cheyenne, for appellee (defendant).

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This case is a medical malpractice action. Appellant Kari Lou Shields, alleged that appellee Robert C. Carnahan, M.D., failed to properly treat and advise her after she was injured in an automobile accident. After a jury trial, the trial court entered judgment on the verdict for appellee. Before and after the judgment, appellant filed motions for a new trial, contending that prejudicial evidence was allowed to go to the jury in spite of an order in limine. These motions were denied, and an appeal followed.

Appellant presents three issues:

"I. Did the trial court commit reversible error when it modified its order in limine as to where the plaintiff had been, who she had been with, and what she had been doing prior to the accident?

"II. Is defense counsel's direct violation of an order in limine reversible error entitling plaintiff to a new trial?

"III. Is the surprise to the plaintiff, caused by the trial court's modification of its order in limine and defense counsel's direct violation of the order in limine, sufficient to grant plaintiff a new trial?"

Our holding on appellant's first issue obviates any review of alleged violations of Rule 403, Wyoming Rules of Evidence, regarding evidence of appellant's pre-accident activities, appellant's use of marijuana, or appellant's second and third issues. The trial court's first error is sufficient to grant a new trial.

We will reverse and remand to the trial court for new trial.

In the early morning hours of July 9, 1980, the automobile in which appellant was riding as a passenger was involved in a single car rollover. Appellant was thrown from the car and sustained serious

injuries. She was taken to the Natrona County Memorial Hospital where she was examined, admitted and became appellee's patient.

On June 30, 1982, appellant filed an action against appellee, other doctors and the Natrona County Hospital, alleging negligence in her medical treatment. After depositions were taken, all defendants were dismissed from the action except appellee, and the matter proceeded to trial. On the trial court's own motion, a mistrial was declared and the matter was reset for a second trial.

Before the second trial, appellant filed a motion in limine to bar evidence concerning matters preceding the accident and appellant's history of drug use. After hearing on the motion, the trial court held that there was to be no mention of any drug use contained in the medical reports including amphetamines, LSD and marijuana. It further ordered that no inquiry be made into the subject of where appellant was going, whom she was with or what she was doing before the accident.

In the second trial, appellant was called to the witness stand to testify. Before cross-examination by appellee, appellee made an offer of proof in chambers detailing evidence that would be presented if the trial court reversed its order in limine. After extended argument, the trial court held that certain facts before the accident would be allowed into evidence, partially changing its earlier ruling, but continued its ruling barring the admissibility of evidence involving drug use by appellant.

During cross-examination of appellant, appellee explored the facts occurring before the accident, including the subjects of where appellant was going, whom she was with and what she was doing before the accident. Appellee questioned appellant about her history of drug use. Appellant objected and moved for mistrial, which was denied by the trial court. The trial court instructed the jury to disregard the evidence involving drug use.

In its verdict, the jury found that appellant and appellee were equally at fault for injuries related to appellant's treatment, thus precluding any recovery of damages. Accordingly, judgment on the verdict was filed on July 21, 1986. Two days later, appellant filed another motion for new trial, which was also denied.

Appellant contends that the admission of evidence of events occurring before the automobile accident by the trial court, contrary to its original order in limine, constituted an abuse of discretion severely prejudicing the presentation of her case. She argues that such evidence was irrelevant and inadmissible under Rules 401 and 402, W.R.E., or in the alternative, that even if such evidence could be considered relevant, it should have been excluded under Rule 403, W.R.E., as overly prejudicial.

Appellee contends the evidence that appellant was on a late night trip with a man other than her husband is relevant on three theories. First, that these facts caused the Shields to quarrel and leave the hospital quickly. Next, that these facts created marital discord causing the Shields to disregard instructions to see an orthopedic physician upon returning to Riverton. Third, that appellant failed to see a specialist later in Riverton to avoid reminding her husband of the night of the accident, and because she did not want to explain the events to another physician.

According to Rule 402, W.R.E., irrelevant evidence is not admissible. Rule 401, W.R.E. defines relevant evidence as:

" * * * evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

We first hold that the evidence regarding appellant's activities before her accident was irrelevant and inadmissible under Rules 401 and 402, W.R.E. Appellee's theories with respect to admissibility reflect nothing more than a motive for conduct which is not in issue. On the record, there is no question that appellant checked out of the hospital in Casper precipitously and did not contact an orthopedic specialist upon returning to Riverton. Under the circum-

stances, whether appellant was on a late night trip with a man other than her husband, or whether that man had been drinking before he drove the accident vehicle had nothing to do with the malpractice issues involved in this case. Such evidence did not remotely relate to the fact that appellant may have disregarded two doctors' instructions as urged by appellee.

Once the evidence is held to be irrelevant and inadmissible our focus then shifts to whether or not the trial court committed reversible error by changing its original order in limine. There is no doubt that the original order excluding the evidence was correct.

The applicable standards of review in such cases are based on the trial court's authority to make orders in limine, what constitutes an abuse of that authority and whether any such abuse rises to the level of harmful error warranting a reversal. A trial court has the power and authority to modify or rescind its orders in limine to assure a fair and impartial trial. *Hayes v. State*, Wyo., 599 P.2d 558, 565 (1979). The trial court should be cautious, even reluctant, to modify its pretrial orders during trial unless circumstances require modification to prevent manifest injustice. *McCabe v. R.A. Manning Construction Co., Inc.*, Wyo., 674 P.2d 699 (1983). Further, evidentiary rulings are within the sound discretion of the trial court, and the appellant must demonstrate trial court abuse of that discretion. Absent a clear showing of such abuse, the trial court's ruling will not be disturbed. *Banks v. Crowner*, Wyo., 694 P.2d 101, 103 (1985).

Because judicial discretion is a composite of conclusions drawn by the court from objective criteria, each case is examined on its own facts reviewing the court's discretion for arbitrariness in a particular set of circumstances. *England v. Simmons*, Wyo., 728 P.2d 1137, 1140 (1986). Where an arbitrary decision is evident it constitutes harmful error if appellant proves that the error had prejudicial effect on her substantial rights. *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925, 934–935 (1981). We also reiterate that to find

harmful error " ' * * * there must be a reasonable possibility that in the absence of error the verdict might have been more favorable [to the losing party].' " *Herman v. Speed King Mfg. Co.*, Wyo., 675 P.2d 1271, 1278 (1984), quoting *ABC Builders, Inc. v. Phillips*, supra at 935.

Appellant has carried this burden. Reversal of the original order in limine was arbitrary and prejudicially affected her substantial rights. In the absence of this evidence she might have prevailed. Even with the irrelevant evidence before them the jury found each party to be fifty percent negligent. Admission of this evidence was error and the proper remedy is a new trial.

Reversed and remanded.