**Jon Alan BANKS, Appellant (Defendant),**

v.

**Arthur J. CROWNER, Appellee (Plaintiff).**

No. 83–259.

Supreme Court of Wyoming.

Jan. 24, 1985.

Julie Nye Tiedeken of Godfrey & Sundahl, Cheyenne, for appellant.

John E. Stanfield and John B. Scott of Smith, Stanfield & Scott, Laramie, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellee Arthur J. Crowner sued appellant Jon Alan Banks to recover for personal injuries sustained in an automobile accident. The jury found that both parties were negligent but that appellant's negligence was greater, and awarded damages to appellee.

We will affirm.

The accident resulting in appellee's injuries occurred around dusk, December 11, 1980, on a primary paved highway in Albany County, Wyoming. Appellee's pickup truck had stalled on the highway due to a sudden failure of the electrical system, and he was unable to pull off the road all the way because of a deep snowfilled barrow pit. About thirty minutes later appellant was traveling in the same direction, and

failed to see the stalled vehicle or appellee, who was standing behind his pickup. Appellant struck the pickup truck and Crowner as Crowner was attempting to move to the side of the road to safety. Crowner suffered internal and other injuries which caused him to be hospitalized. The jury found that appellee was 35 percent negligent in causing the accident, and appellant was 65 percent negligent. The total damages awarded were $102,000, which resulted in a judgment for appellee in the amount of $66,300.

Appellant raises the following issues: "A. Whether the trial court improperly prohibited the Defendant from mentioning the word 'alcoholism.'

"B. Whether the trial court erred in prohibiting the Defendant from cross-examining the Plaintiff on his drinking habits and alcoholism.

"C. Whether the trial court erred in prohibiting Defendant from questioning Dr. Haight, Plaintiff's treating physician, on Plaintiff's withdrawal symptoms and alcoholism.

"D. Whether the trial court erred in refusing to instruct the jury on the standard of care required of an intoxicated person.

"E. Whether the trial court erred in allowing Plaintiff to submit as evidence the hospital bills from the Veteran's Administration when the claim of the United States was not pled in the case and the United States is not a party to this case.

"F. Whether the trial court erred in refusing Defendant's proposed jury verdict form which would require the jury to find that Defendant's negligence was a 'proximate cause' (direct cause) of the accident.

"G. Whether the trial court erred in refusing to allow Defendant to cross-examine Plaintiff's witness, Zeimans, as to the difference between his testimony and the facts contained in the Highway Patrolman's accident report."

Issues A through D will be considered together.

Evidentiary rulings are within the sound discretion of the trial court, and it is the burden of appellant to demonstrate that the trial court abused that discretion. Absent a clear showing of abuse of discretion, the trial court's ruling will not be disturbed. *Caterpillar Tractor Company v. Donahue*, Wyo., 674 P.2d 1276 (1983).

Appellant contends that the trial court's exclusion of evidence dealing with the alleged alcoholism of appellee constitutes an abuse of discretion by the court, thereby severely prejudicing the presentation of his case. This was first argued before the trial court pursuant to a motion in limine filed by appellee. Appellee asserted, and the trial court agreed, that the evidence of appellee's history of alcoholism was irrelevant to the issues of the case and should be excluded under Rule 402, Wyoming Rules of Evidence, since the probative worth of the evidence would be far outweighed by its prejudicial effect and confusion of the issues.

The trial court restricted the testimony with regard to appellee's "drinking problem" or alcohol consumption to the day of the accident; and the court prohibited use of the terms alcoholism and alcoholic. Appellant asserts that evidence of appellee's alleged alcoholism was highly relevant and should have been admitted as "habit" and/or as impeachment evidence on the issue of appellee's credibility.

Evidence which is not relevant is not admissible. Rule 402, W.R.E. Rule 401, W.R.E., defines relevant evidence as

" * * * evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

We are not convinced that evidence of appellee's alleged alcoholism even rises to the level of relevancy pronounced in Rule 401. Whether or not appellee was an alcoholic does not help the trier of fact determine appellee's negligence at the time of the accident. The trial court did, however, allow evidence which indicated the amount of

**104**

alcohol appellee consumed and its effect on him before the accident.

■ Assuming that the evidence of appellee's alcoholism was relevant, it would still have to satisfy Rule 403, W.R.E., which states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The trial court's authority to exclude relevant evidence is discretionary in nature, as it is in a better position "both to detect and to assess the dangers and considerations enumerated in the rule, and to balance these against the probative value of proffered evidence." 2 Louisell and Mueller, Federal Evidence, § 125, p. 10 (1978).

■ The information which appellant sought to have introduced into evidence concerning alcoholism was disclosed to the trial court in an offer of proof and at the hearing on the motion in limine. The record discloses that at the time of the motion in limine, appellant's evidence concerning alcoholism was that appellee admitted in his deposition that he was having a drinking problem; that appellee was confused about the events of the accident; that appellee's admission to a drinking problem "probably" led to the conclusion that he is an alcoholic; and that the deposition of Dr. Haight indicated that appellee suffered from a seizure, which could have been caused by either hypoxia or alcoholism.

The trial court ruled that appellee's admission of a drinking problem could be explored at trial, but it could not be concluded that he was an alcoholic. The fact that appellee may have been confused about the accident and the amount of alcohol consumption on the day of the accident could have been thoroughly explored by the appellant. The answers in the physician's deposition regarding the factual observations of withdrawal and the recent use of alcohol were admissible. The seizure was allowed to be discussed insofar as it related to aggravation of appellee's condition, but the conclusory statement that alcoholism as an explanation for the seizure was not permitted because it was not supported by a reasonable degree of medical certainty and was prejudicial.

The court's ruling on the motion in limine was not overly prohibitive. Our review of the record makes it clear that appellant had very little affirmative evidence which would convince a jury that appellee was an alcoholic. The evidence is speculative and conjectural.

■ Appellant's offer of proof suffers from the same infirmity that we find with his argument on his motion in limine. After discussion by appellant that the physician should be allowed to testify as to appellee's alcoholism and that alcohol caused the grand mal seizure, the trial court ruled that counsel was permitted to explore the tremens which the physician observed appellee experiencing, but the explanation of the seizure as being alcohol induced was only a possible diagnosis, highly prejudicial and inadmissible. We agree with the reasoning of the trial court.

■ In addressing issue "G," appellant contends that he should have been allowed to use the diagram made by the highway patrolman, who was at the scene of the accident, to impeach the testimony of Matt Zeimans concerning the vehicle location at the time of the accident. Appellee had sent for Zeimans to assist with the stalled vehicle, and he arrived at the scene of the accident later. Appellant contends the highway patrolman presented a different version of the position of appellee's vehicle on the highway than Zeimans. The offer of the highway patrolman's diagram by appellant was without proper foundation. Zeimans could not properly identify the diagram; it confused him, and it did not help refresh his memory. Even though the diagram may have been admissible as an exception to the hearsay rule, it was properly excluded by the trial court because of lack of foundation. *Combined Insurance*

*Company of America v. Sinclair*, Wyo., 584 P.2d 1034 (1978). Appellant should have established a proper foundation for the admission of the exhibit.

■ We will now consider whether the hospital bills from the Veteran's Administration (V.A.) were properly submitted to the jury for consideration. It is generally held that one who is injured by the tortious conduct of another is entitled to recover the reasonable value of the medical services necessary to treat the injury. This is true even if the medical services are rendered gratuitously:

> "Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable. Restatement (Second), Torts 2d, § 920(A)(2) (1982).

Comment (c) of the above section reads, in relevant part:

> "c. The rule that collateral benefits are not subtracted from the plaintiff's recovery applies to the following types of benefits:

> \*    \*    \*    \*    \*    \*

> "(3) Gratuities. This applies to cash gratuities and to the rendering of services. Thus the fact that the doctor did not charge for his services or the plaintiff was treated in a veterans hospital does not prevent his recovery for the reasonable value of the services."

See also, *Hudson v. Lazarus*, 95 App.D.C. 16, 217 F.2d 344 (1954), where a veteran was treated in a veteran's hospital after he sustained injuries in a car accident, the court allowing the recovery of such medical and hospital expenses rendered, even though they were received gratuitously. It is noted in the present case that appellee agreed to reimburse the V.A. for all medical services rendered; however, that matter is between appellee and the V.A. and is immaterial to our decision in this case.

■ The parties stipulated to foundation on the V.A. bills, with appellant reserving the right to object to some of the bills

because they were not incurred as a result of the injuries caused by this accident. Appellant made no objection to the V.A. bills being admitted on the grounds that they were not pled or because the United States was not a party to the action. They were introduced into evidence without objection other than relevancy. It was appellant's duty to inform the trial court of the possible problems with the admission of these bills; appellant did not do so until after the evidence was closed. At the close of the evidence, after appellee raised the need for an instruction on the V.A. bills, appellant only asserted that the V.A. bills were not pled and did not discuss the fact that the United States was not a party. We will not allow appellant to assert claims on appeal which were not properly raised below. *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925 (1981).

Lastly we reach the issue of whether the trial court erred in refusing appellant's proposed jury verdict form. The verdict form requested by appellant would have required the jury to find that appellant's negligence, if any, was a proximate cause of appellee's injuries. The verdict form given by the trial court was taken from the Wyoming Civil Pattern Jury Instructions, No. 10.02, and requires the jury to apportion fault.

■ It is a well-established rule that this court examines instructions in their entirety when asked to determine whether instructions are erroneous. Instructions must be considered as a whole and not according to isolated phrases and paragraphs. *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981). The test we will apply is whether the instructions, taken as a whole, adequately informed the jury of the applicable law. See *Small v. State*, 689 P.2d 420 (Wyo.1984); and *Scheikofsky v. State*, supra.

■ Appellant claims the jury was not adequately informed on the issue of proximate cause; however, the instructions given by the trial court adequately informed the jury of the applicable law of proximate

cause. In the court's Instruction 7, fault, negligence, and cause were fully discussed. The instruction gave a clear, understandable definition of proximate cause. Instructions 3, 5, and 13 also discussed cause. Therefore, the jury was completely apprised of the fact that they were required to find that appellant's acts were the proximate cause of the injury to appellee.

Affirmed.