Lura A. BROWN and Ivan Brown,
Appellants (Plaintiffs),

v.

MICHAEL PRYOR, M.D., P.C., a Wyoming Professional Corporation,
Appellee (Defendant).

No. 96–315.

Supreme Court of Wyoming.

Feb. 27, 1998.

Juline Christofferson, Jackson, for Appellants.

Robert M. Shively of Shively Law Offices, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Appellants Lura and Ivan Brown (Browns) sued Dr. Michael Pryor, appellee, for medical negligence. After a five-day trial, the jury returned a verdict in favor of Pryor and against the Browns. The Browns timely appeal the judgment entered on the jury verdict, claiming they were prejudiced by the improper admission of a videotaped deposition of Pryor's expert witness.

We affirm.

The Browns present a single issue for review:

Did the trial court err in allowing presentation to the jury of the videotaped deposition of appellee's sole expert witness, when the deposition did not qualify for admission under W.R.C.P. 32(a)?

Pryor states the issue as:

Did the trial court commit reversible error in allowing the jury to view the videotaped deposition of Dr. Pryor's expert witness?

## FACTS

The Browns' complaint alleged that Pryor negligently breached the standard of medical care when he performed two hip replacement surgeries on Lura Brown. In the spring of 1995, Pryor retained Dr. Christopher Smith and designated him as an orthopedic expert who would testify on Pryor's behalf at trial. At that time, no trial date had been set, but a final pretrial conference had been scheduled for August 4, 1995. However, in June, the Browns requested and received a six-month continuance due to the illness of their attorney. The court subsequently issued an amended scheduling order which set trial for May 28, 1996, and extended the discovery deadline to March 15, 1996.

In the meantime, Dr. Smith had made arrangements for a fishing trip to the Bahamas which conflicted with the rescheduled trial date. Upon learning of the conflict, Pryor notified the Browns that a videotaped trial deposition of Dr. Smith would be conducted on May 10, 1996. During the pretrial conference on May 7, the Browns objected to the use of Dr. Smith's deposition in lieu of live testimony at trial. The court overruled the objection. Dr. Smith was deposed on May 13, 1996; counsel for both parties were present, and Dr. Smith's testimony was developed through direct, cross, and redirect examination.

The Browns filed a motion in limine in a second attempt to exclude Dr. Smith's videotaped deposition from trial on the basis that the deposition was taken after the close of discovery and was not admissible under W.R.C.P. 32(a). In chambers before trial, the court denied the Browns' motion without explanation; and, during Pryor's case-in-chief, the videotape was played for the jury. At the close of the five-day trial, the jury entered a verdict against the Browns. The Browns timely appeal the final judgment entered by the district court in this matter.

## STANDARD OF REVIEW

Admission of evidence, including the admission of depositions, is within the sound discretion of the trial court; and we will not disturb evidentiary rulings unless the appellant demonstrates a clear abuse of discretion. *MMOE v. MJE*, 841 P.2d 820, 828 (Wyo.1992); *Waggoner v. General Motors Corp.*, 771 P.2d 1195, 1200 (Wyo.1989). "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.*, 773 P.2d 911, 923 (Wyo.1989). The ultimate issue is whether the court could reasonably conclude as it did. *Id.* An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Waggoner*, 771 P.2d at 1201.

## DISCUSSION

■ The Browns claim the jury's verdict rested largely upon inadmissible hearsay, in the form of Dr. Smith's deposition testimony, which they were unable to discredit or contradict because Dr. Smith was not present at trial. They contend that the deposition did not fall within the hearsay exceptions found in W.R.E. 804 and W.R.C.P. 32(a) and, therefore, the district court abused its discretion when it admitted Dr. Smith's videotaped deposition in lieu of live testimony.

■ Deposition testimony, because it is taken outside the presence of the court and jury, is generally hearsay within the meaning of Rule 801 of the Wyoming Rules of Evidence. To the extent that it is hearsay, deposition testimony is not admissible except as provided by the Wyoming Rules of Evidence or by other rules prescribed by the Wyoming Supreme Court or by statute. W.R.E. 802.

■ The former testimony exception provided in Rule 804(b)(1) of the Wyoming Rules of Evidence removes the hearsay objection from depositions of unavailable deponents in many circumstances. Another exception for deposition testimony is found in Rule 32(a) of the Wyoming Rules of Civil Procedure, which allows the use of depositions in civil cases if certain criteria are satisfied. While there is some overlap between W.R.E. 804(b)(1) and W.R.C.P. 32(a), and in many cases the same result would obtain under either rule, the two exceptions are independent bases for admitting depositions. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962–63 (10th Cir.1993) (interpreting F.R.E. 804 and F.R.C.P. 32(a), upon which Wyoming's rules are modeled). *See also* WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2143 (1994), 7 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 32.02[1], [3] (3d ed.1997), and cases cited therein. Therefore, a deposition which satisfies either exception can be properly admitted without violating the rule against hearsay.

The district court did not provide reasons for overruling the Browns' objections to the deposition testimony. However, because the Browns' motion in limine sought to exclude the deposition on the basis that it did not meet the criteria of Rule 32(a), we turn our attention first to that exception.[1]

"Deposition testimony is admissible at trial pursuant to Rule 32(a) if it satisfies a three-part test." MOORE, *supra*, § 32.02. First, the testimony must satisfy the "rules of evidence applied as though the witness were then present and testifying" at trial. *Id.* § 32.02[2][a]. This requirement eliminates "technical" hearsay objections based on a deponent's mere absence from trial, but permits objections based on the content of the testimony, for example, on grounds of relevancy, privilege, or competency. *See* Advisory Committee Note to F.R.C.P. 32 (1970). Second, the party against whom the deposition is offered must generally have been "present or represented at the taking of the deposition" or "had reasonable notice" of it. MOORE, *supra*, § 32.02[2][b]. These first two criteria are not at issue; the Browns made no objection to the content of Dr. Smith's testimony, and the record establishes that they were represented at the taking of the deposition.

---

1. Rule 32(a) of the Wyoming Rules of Civil Procedure provides in relevant part:
   (a) *Use of depositions*—At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

   .    .    .    .    .

   (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
   (A) That the witness is dead;

   (B) That the witness is absent from the state, unless it appears that the absence of the witness was procured by the party offering the deposition;
   (C) That the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment;
   (D) That the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
   (E) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used[.]

The third requirement is that the deposition testimony must fall within one of the four categories set out in Rule 32(a). MOORE, *supra*, § 32.02[2][c]. Relevant for our purposes is subsection 32(a)(3), which establishes conditions for the use of depositions of nonparty witnesses. Rule 32(a)(3)(B) permits such use if the court finds "that the witness is absent from the state, unless it appears that the absence of the witness was procured by the party offering the deposition." The Browns assert that physical absence due to vacation does not make a deposition admissible under Rule 32(a)(3)(B). They also suggest that Dr. Smith's absence was procured by Pryor because by taking Dr. Smith's deposition, Dr. Smith was free to leave on vacation. We disagree on both counts.

▆▆▆ The Browns rely on *Reilly v. Reilly*, 671 P.2d 330 (Wyo.1983), where we determined that a nonresident witness was absent within the meaning of Rule 32(a)(3)(B). However, we did not limit application of that subsection to nonresident witnesses, *id.* at 334, and we decline to do so now. The plain language of W.R.C.P. 32(a)(3)(B) allows for the admission of depositions when "the witness is absent from the state." We hold that absence of the deponent at the time the deposition is offered is sufficient to allow the deposition into evidence, and the party offering the deposition need not proffer an excuse for the failure of the deponent to appear.[2] MOORE, *supra*, § 32.24[4][a]; *see also Houser v. Snap–On Tools Corp.*, 202 F.Supp. 181, 189 (D.Md.1962). Dr. Smith's deposition testimony, given under oath, sufficiently established that he would be absent from the state at the time of trial.

▆▆▆ Neither do we find that Pryor procured Dr. Smith's absence by taking his deposition so that he could leave the state on vacation. "[P]rocuring absence and doing nothing to facilitate presence are quite different things." *Houser*, 202 F.Supp. at 189. The word "procured," in the context of Rule

32(a)(3)(B), connotes that a party has collusively instigated or induced a witness to be absent from trial. MOORE, *supra*, § 32.24[4][b]. To exclude a deposition on this basis requires a showing that the party offering the deposition "took steps to keep the deponent[ ] from setting foot in the courtroom." *Houser*, at 189; *see also Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir.1988). In this case, Dr. Smith testified that his Bahamian vacation had been planned since late 1995, before the trial date had even been established. Further, had the proceedings not been continued for six months, at the Browns' behest, this conflict would not have arisen. The Browns have made no showing that Pryor induced Dr. Smith into making his vacation plans or took steps to keep Dr. Smith from the courtroom, and this argument is without merit.

▆▆▆ The circumstances here fit squarely within the language of Rule 32(a)(3)(B). It is undisputed that on the date of the trial Dr. Smith would be absent from the state, and no evidence was presented to suggest that Pryor procured Dr. Smith's absence within the meaning of the rule. Further, the court retains broad discretion to permit parties to take additional depositions after the discovery cut-off date, whether for discovery or for trial testimony purposes. *See Nowotny v. L & B Contract Indus., Inc.*, 933 P.2d 452, 461 (Wyo.1997); *Contreras v. Carbon County School Dist. No. 1*, 843 P.2d 589, 592 (Wyo. 1992); MOORE, *supra*, § 32.02[5]. The court was presented with an unfortunate situation resulting from a delay in trial due to the illness of the Browns' attorney and a key witness' vacation, scheduled months in advance, which inadvertently conflicted with the delayed trial date. Dr. Smith was Pryor's only expert, and his testimony was essential for Pryor's defense against the allegations of the Browns' two experts. We cannot say the court's decision to allow the videotaped deposition to proceed exceeded

---

**2.** The Browns also rely on our recent case of *Bloomquist v. State*, 914 P.2d 812 (Wyo.1996), where we held that vacation plans do not amount to an exceptional circumstance which justifies the use of a deposition in lieu of live testimony. *Bloomquist* is inapposite to our analysis here for two reasons. First, *Bloomquist* required us to interpret unavailability for purposes of W.R.E. 804 and W.R.Cr.P. 15, not W.R.C.P. 32(a). Second, the admission of hearsay in criminal cases is more strictly scrutinized because a defendant's confrontation rights are implicated. *Williams v. Collins Communications, Inc.*, 720 P.2d 880, 887 (Wyo.1986).

the bounds of reason under the circumstances. In sum, the Browns have failed to demonstrate that the district court abused its discretion when it admitted Dr. Smith's videotaped deposition into evidence.

Because we hold that Dr. Smith's deposition was properly admitted pursuant to Rule 32(a)(3)(B) of the Rules of Civil Procedure, we need not consider whether it was independently admissible under other subsections of Rule 32(a)(3) or Rule 804 of the Wyoming Rules of Evidence.

Affirmed.