2001 WY 50

**Jason A. YOUNG, Appellant (Plaintiff),**

v.

**HAC, LLC d/b/a Benham's, Appellee (Defendant).**

No. 00–187.

Supreme Court of Wyoming.

May 31, 2001.

Frank R. Chapman and Thomas A. Valdez of Beech Street Law Office, Casper, WY, for Appellant.

Patrick T. Holscher of Schwartz, Bon, Walker & Studer, Casper, WY, for Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶ 1]   In this personal injury action, Appellant Jason A. Young (Young) alleged Appellee HAC, LLC (HAC), negligently caused the personal injuries that Young suffered when assaulted by another customer while both patronized HAC's business. A jury returned a verdict finding that HAC was not negligent. During trial, Young had attempted to enter into evidence the sworn statement of the customer who had assaulted Young and caused his injuries. Young appeals the jury verdict alleging that the trial court erred when it ruled that the assaulting customer's sworn statement was hearsay that was inadmissible as a statement against interest, W.R.E. 804(b)(3), or under the catch-all exception, W.R.E. 804(b)(6). We hold that the trial court did not err in ruling the sworn statement inadmissible.

## ISSUES

[¶ 2] Young presents this sole issue for our review:

1. Did the District Court commit reversible error by barring the sworn statement of Travis Kidd to be admitted into evidence as an exception to the hearsay rule?

HAC believes the issue is:

Is a sworn statement by an assailant admissible in its entirety under W.R.E. 804(b)(3) or W.R.E. 804(b)(6) when that assailant has already been sentenced for the assault and when the party taking the statement intentionally chooses not to preserve the assailant's testimony for trial through a deposition?

## FACTS

[¶ 3] HAC operates a restaurant and tavern called Benhams. On February 18, 1995, Young and friends were at Benhams to hear a band. Travis Kidd was also there with his girlfriend and friends. Kidd, apparently upset with his girlfriend, was disruptive, abusive, and threatening. After telling his group that he was going to hit the next person that walked by, Kidd attacked Young as Young walked by on his way out of the establishment, severely injuring him. Kidd was charged with and sentenced for aggravated assault.

[¶ 4] On March 7, 1997, Young filed suit against HAC, and HAC filed cross-claims against Kidd. Trial was set for May 24, 1999. HAC's suit against Kidd was dismissed in January of 1998. Kidd gave a sworn statement to Young's attorney on July 8, 1997. Although Kidd's attorney was present during the making of the sworn statement, HAC's attorney had not been notified and was not present. The civil trial was rescheduled for March 13, 2000, and on February 24, 2000, Young issued a trial subpoena for Kidd. Kidd could not be located, and the subpoena was not served.

[¶ 5] On March 10, 2000, Young notified HAC that Kidd was unavailable as a witness and Young intended to read Kidd's sworn statement into evidence at trial. HAC objected, and, on March 14, after trial had begun, the trial court heard oral arguments on the issue. Ruling from the bench, the court analyzed the application of W.R.E. 804(b)(3) and (6), and found it relevant that Young had failed to take Kidd's deposition. The trial court denied admission of the sworn statement. The jury returned a verdict finding HAC had not been negligent. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 6] Admission of evidence, including the admission of hearsay, is within the sound discretion of the trial court; we will not disturb evidentiary rulings unless the appellant demonstrates a clear abuse of discretion. *Brown v. Michael Pryor, M.D., P.C.*, 954 P.2d 1349, 1350 (Wyo.1998).

[T]he core of our inquiry must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* (quoting *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236, 1238 (1985)); *Basolo*, 907 P.2d [348] at 353 [Wyo. 1995]. We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Carlton v. Carlton*, 997 P.2d 1028, 1031 (Wyo. 2000).

### W.R.E. 804

[¶ 7] W.R.E. 804 states in relevant part:

(a) *Definition of unavailability.*—"Unavailability as a witness" includes situations in which the declarant:

\* \* \* \*

(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.

\* \* \* \*

(b) *Hearsay exceptions.*—The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

\* \* \* \*

(3) Statement Against Interest.—A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

\* \* \* \*

(6) Other Exceptions.—A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

[¶ 8] Young contends that the trial court abused its discretion when it failed to consider Kidd's exposure to civil liability when assessing the evidence as a statement against interest and when it decided that the statement did not meet the trustworthiness requirements of W.R.E. 804(b)(6), the catchall exception. HAC contends that although the court properly ruled on the merits, Young's failure to depose Kidd precludes admission of

a sworn statement that has not been subject to cross-examination. We first address W.R.E. 804's availability requirement.

*A. Availability*

[¶ 9] Compliance with W.R.E. 804(a) is required before the hearsay exceptions of W.R.E. 804(b) can be applied. We will not determine if the substantive requirements of W.R.E. 804(b) were met, unless the threshold eligibility of the unavailability request is demonstrated. *Williams v. Collins Communications, Inc.,* 720 P.2d 880, 886 (Wyo.1986). In its ruling from the bench, the trial court did not decide whether Young's attempts to subpoena Kidd complied with W.R.E. 804(a), and, because we affirm on other grounds, we need not consider the issue on our own. The trial court did consider Young's failure to depose Kidd as a factor that weighed against admitting the sworn statement under either of the two exceptions.

[¶ 10] Under the federal rules, an obligation to obtain a deposition exists pursuant to F.R.E 804(a)(5), which states:

(a) **Definition of unavailability.** "Unavailability as a witness" includes situations in which the declarant-

\* \* \* \*

(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (*or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance **or testimony**)* by process or other reasonable means.

(emphasis added). *See also United States v. Olafson,* 213 F.3d 435, 442 n. 3 (9th Cir.2000). Federal courts interpret the emphasized phrase as requiring an attempt to depose a witness, or the court will not find the witness is unavailable and consider admission under the the exceptions in subdivision (b)(2), (3), or (4). Under Wyoming's rules, W.R.E. 804(a)(5) no longer includes this phrase, and we need not consider whether Young had an obligation to depose Kidd before attempting to introduce his statement under W.R.E. 804(b)(3). We agree, however, that the lack of opportunity for cross-examination such as would have been available by deposition may

be a factor the trial court can properly consider for admitting statements under the catchall exception, W.R.E. 804(b)(6). Although deposition testimony is also considered hearsay, it may be admissible under either the rules of civil procedure or W.R.E. 804(b)(1). *Brown*, 954 P.2d at 1351.

### B. W.R.E. 804(b)(3), Statement Against Interest

[¶ 11] Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." W.R.E. 801(c). A "statement" is an oral or written assertion or nonverbal conduct intended as an assertion. W.R.E. 801(a). The word "statement" means "a single declaration or remark," rather than "a report or narrative," so that when ruling on the admissibility of a narrative, we must break down the narrative and determine the separate admissibility of each "single declaration or remark." *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75, 91 (1995); *see Williamson v. United States*, 512 U.S. 594, 114 S.Ct. 2431, 2434–35, 129 L.Ed.2d 476 (1994) (discussing hearsay in the context of F.R.E. 804(b)(3) exception for statements against interest).

*Kolb v. State*, 930 P.2d 1238, 1245–46 (Wyo. 1996).

[¶ 12] Here, Young presented Kidd's lengthy sworn statement to be read into evidence, and the trial court determined that because it contained a number of statements describing what other people believed and saw, it was inadmissible for lack of foundation. Our review indicates that the record supports the trial court's view that nearly all of the sworn statement, which is well over twenty-five pages, primarily consists of statements that are not statements against interest, but are inadmissible narrative.

[¶ 13] Considering the admissibility of each "single declaration or remark" as we must, we do see that Kidd admits that he assaulted Young; however, as Young acknowledges, Kidd admitted it after he had been tried and convicted for that crime. Consequently, the only liability at stake was civil liability. Young contends that the HAC's pending cross-claim against Kidd qualifies the entire statement as admissible as a statement against interest. HAC contends that Kidd, having already admitted to criminal liability, which then became a matter of public record, did not increase his civil liability, but, instead, was actually attempting to enter an exculpatory statement. *See Johnson v. State*, 930 P.2d 358 (Wyo.1996).

[¶ 14] The record shows that the trial court received and considered written memorandum supporting each parties' arguments and heard oral argument. Having considered written and oral argument, the trial court determined that the sworn statement was not a statement against interest and ruled it was inadmissible hearsay. Our review indicates that the record supports the decision to exclude the entire sworn statement. Although a single statement within the entire statement was an admission that he attacked Young, Kidd provided the entire statement to exculpate himself from liability, and it is not admissible under W.R.E. 804(b)(3), the statement against interest exception.

### C. W.R.E. 804(b)(6), the Catchall Exception

[¶ 15] Young contends that this statement met all requirements for admission. HAC contends that Young failed to give HAC adequate notice that it intended to introduce the statement under this exception, failed to prove unavailability, and the trial court properly ruled the sworn statement did not possess circumstantial guarantees of trustworthiness. We have identified the following as requirements for admission under W.R.E. 804(b)(6):

> First, the declarant must be unavailable. Second, the adverse party must either have been given pretrial notice or a sufficient opportunity to prepare for and contest the admission of the hearsay. Third, the truth of the matter asserted must be evidence of a material fact. Fourth, the hearsay statement must be more probative than any other evidence which could be procured through reasonable efforts. Fifth, and finally, the statement must be supported by circumstantial guarantees of

trustworthiness; this may be established either through other corroborating evidence or by considering the motivation and/or behavior pattern of the declarant. *Johnson*, 930 P.2d at 366 (quoting *Hopkinson v. State*, 632 P.2d 79, 131–32 (Wyo.1981)).

[¶ 16] The record shows that the trial court did not admit this statement because of insufficient notice, and decided it failed trustworthiness requirements. Because our review of the sworn statement indicates that it was neither worthy of trust nor necessary to effectuate justice, we need not decide whether the trial court properly decided the notice issue.

[¶ 17] W.R.E. 804(b)(6) applies only in rare and exceptional circumstances. Here, the trial court was concerned about the lack of opportunity to cross-examine a hearsay statement that lacked foundation for its numerous statements about what other people saw and what Kidd believed HAC employees knew and had seen. It properly considered that Kidd was available for a deposition that would have provided the opportunity for cross-examination, and we would note that if Kidd's testimony was crucial to this case, Young should have deposed him. These factors are sufficient reason to deny admission. We find no abuse of discretion.

[¶ 18] We affirm the trial court's decision to exclude Kidd's sworn statement.