2001 WY 68

**Michael R. CAPSHAW, Petitioner,**

v.

**WERCS, a Wyoming corporation,
d/b/a Wyoming Financial
Group, Respondent.**

No. 00–329.

Supreme Court of Wyoming.

Aug. 8, 2001.

Mark W. Gifford, Casper, WY, Representing Petitioner.

Harry G. Bondi of Harry G. Bondi Law Offices, P.C.; and Courtney R. Kepler and Timothy M. Stubson of Brown, Drew & Massey, LLP, Casper, WY, Representing Respondent.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]  Michael R. Capshaw filed a petition for writ of review of a district court's grant of a motion in limine in his breach-of-employment contract case.  He sought reversal of an order precluding him from making any reference in opening statement or the presentation of evidence to his allegations of his employer's mismanagement.  We granted his petition and conclude the order would effectively prevent Mr. Capshaw from presenting his pretextual discharge theory.  We, therefore, reverse and remand for proceedings consistent with this decision.

**ISSUES**

[¶ 2]  Mr. Capshaw presents these issues:

1.  Whether the trial court abused its discretion in ruling that [Mr. Capshaw], who alleges that he was terminated on a pretext for criticizing [WERCS's] management, will not be allowed to mention in opening comments, nor to adduce any testimony from witnesses regarding allegations of [WERCS's] mismanagement.

2.  Whether [Mr. Capshaw] is materially prejudiced by the trial court's grant of a motion in limine which has the effect of gutting [his] case, prohibiting [him] from presenting the evidence that forms the very core of his claims.

WERCS, a Wyoming corporation doing business as Wyoming Financial Group, frames the issues as follows:

1.  Did the trial court abuse its discretion in granting [WERCS's] Motion In Limine restricting use of certain evidence relating to [Mr. Capshaw's] allegations of mismanagement on the part of [WERCS]?

2.  Is it premature for the Appellate Court to review a ruling that may be changed during the course of trial?

**FACTS**

[¶ 3]  In March of 1995, Mr. Capshaw was hired as manager and ultimately became president of Wyoming Financial Properties, Inc., a subsidiary of WERCS.  He was terminated in June 1998 and filed suit against WERCS in July 1998 for breach of express contract, promissory estoppel, breach of im-

plied covenant of good faith and fair dealing, retaliatory discharge in violation of public policy, and "wasting of corporate assets." Mr. Capshaw contended he was employed as a contract employee dischargeable only for cause, the reasons cited for termination were a pretext, and WERCS's true motivation was to remove him due to his negative comments regarding management. In discovery responses, WERCS asserted Mr. Capshaw was discharged for many reasons including that he had engaged in a campaign intended to disparage management. WERCS counterclaimed and, as is relevant to this review, in its fifth claim for relief stated in part:

26. [Mr. Capshaw], without any reasonable basis in fact and with an intentional disregard for the truth, made a variety of statements concerning [WERCS], the management of [WERCS] and its personnel, including but not limited to, allegations (1) that [WERCS] was being mismanaged; paid exorbitant prices to acquire properties; paid for remodeling homes of corporate officers and family members of corporate officers; put members of officers' families on the payroll at exorbitant salaries; and was going broke and had excessive debt; (2) that the stock of [WERCS] was worthless; and (3) that a corporate officer was "stealing" from [WERCS]. All of the statements referred to in the preceding sentence were made by [Mr. Capshaw] to other employees of [WERCS], to [WERCS's] accountants, and to shareholders of [WERCS]. Further, said statements were false, and Mr. Capshaw knew or should have known that such statements were false and were likely to damage [WERCS] with respect to recruiting employees, purchasing properties, attracting investors, and generally conducting its business affairs.

27. During the period of time that [Mr. Capshaw] was intentionally engaging in a campaign of making false, disparaging, libelous, and slanderous statements about [WERCS], [WERCS] was unable to consummate a transaction for the acquisition of two insurance agencies, became involved in a series of lawsuits by disgruntled employees, lost contracts for property management, and otherwise suffered damages all, upon information and belief, as the result of [Mr. Capshaw's] actions.

28. [WERCS] is entitled to recover damages for lost opportunities, lost profits and other damages arising from [Mr. Capshaw's] misconduct.

In discovery responses, WERCS stated multiple reasons for Mr. Capshaw's termination including:

(1) [Mr. Capshaw] was an employee at will of [WERCS], subject to termination with or without cause or notice at any time.

. . . .

(4) During his employment, [Mr. Capshaw] was actively engaged in a campaign to discredit [WERCS] and [WERCS's] management including, but not limited to, accusing corporate officers of mismanagement and theft.

WERCS filed a motion for summary judgment, which was granted in part, and the remaining claims of breach of contract and promissory estoppel and the counterclaim were scheduled for jury trial on October 23, 2000.[1]

[¶ 4] On October 20, 2000, the Friday before the Monday trial date, WERCS filed a motion in limine requesting, in part, the court exclude evidence related to the mismanagement allegations. It contended those allegations were relevant only to the dismissed claims—breach of implied covenant of good faith and fair dealing and retaliatory discharge in violation of public policy. The district court heard the motion on the day trial was scheduled to begin, outside the hearing of the jury but prior to opening statements. It granted Mr. Capshaw's request to continue the hearing to the following morning in order to receive additional briefing and argument. Subsequent to these proceedings, an order was entered over Mr. Capshaw's written objections, which provided in relevant part:

---

1. Mr. Capshaw withdrew his claim for "wasting of corporate assets" during oral arguments on     the summary judgment motion.

[WERCS's] motions to preclude reference in opening comments and preclude evidence on such topics are hereby granted and [Mr. Capshaw] is prevented from mentioning in opening comments, and is prevented from adducing testimony from witnesses any reference to:

. . .

3. Allegations of mismanagement of the Defendant WERCS; . . .

Mr. Capshaw filed a petition for writ of review pursuant to W.R.A.P. 13 from this portion of the order. This court granted the petition.

## STANDARD OF REVIEW

[¶ 5] The standard of review for evidentiary determinations has been often cited:

The admission of evidence is left to the sound discretion of the trial court. The trial court may exclude inadmissible evidence upon a motion in limine. Rule 402, W.R.E., provides in pertinent part that, "[E]vidence . . . which is not relevant is not admissible." Rule 401, W.R.E., defines "relevant evidence" as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

*Lindsey v. State,* 725 P.2d 649, 654 (Wyo. 1986) (citations omitted); *see also Robinson v. State,* 11 P.3d 361, 367 (Wyo.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1620, 149 L.Ed.2d 483 (2001); *Duran v. State,* 990 P.2d 1005, 1011 (Wyo.1999); *Solis v. State,* 981 P.2d 34, 36 (Wyo.1999); *Betts v. Crawford,* 965 P.2d 680, 685 (Wyo.1998); *Brown v. Michael Pryor, M.D., P.C.,* 954 P.2d 1349, 1350 (Wyo.1998); *Wilder v. Cody Country Chamber of Commerce,* 933 P.2d 1098, 1107 (Wyo. 1997); *Tennant v. State,* 786 P.2d 339, 342 (Wyo.1990).

[¶ 6] We have noted our "core inquiry" must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* (quoting *Byerly v. Madsen,* 41 Wash. App. 495, 704 P.2d 1236, 1238 (1985)); *Basolo [v. Basolo],* 907 P.2d [348,] 353 [(Wyo.1995)]. We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Carlton v. Carlton,* 997 P.2d 1028, 1031 (Wyo.2000).

*Young v. HAC, LLC,* 2001 WY 50, ¶ 6, 24 P.3d 1142, ¶ 6 (Wyo.2001).

## DISCUSSION

██ [¶ 7] Mr. Capshaw asserts the order granting the motion in limine prevents him from litigating his theory of the case. He claims that he was dischargeable only for cause and the pretextual termination reasons cited did not satisfy the good cause standard. WERCS's counterclaim also put Mr. Capshaw's alleged campaign of disparaging management at issue and from the certified record does not appear to have been withdrawn or dismissed.

[¶ 8] Relying on comments by the judge during the motion hearing, WERCS maintains the order was not conclusive and could have been expanded during the course of trial. This is an interesting argument as WERCS prepared the order and chose unconditional language to implement the district court's oral ruling. The order specifically provided: "[Mr. Capshaw] is prevented from mentioning in opening comments, and is prevented from adducing testimony from witnesses any reference to . . . [a]llegations of mismanagement of . . . WERCS." This order language is definitive and unqualified in any manner which might suggest a more flexible application during trial.

[¶ 9] Now WERCS appears to contend the order does not really mean what it plainly states. This could be construed as an admission by WERCS that it failed to provide the court with a proposed order which

accurately reflected its oral ruling. Nevertheless, the order was entered. "[I]n the ... case of *McAteer v. Stewart*, Wyo., 696 P.2d 72 (1985), we held that a court's signed written order takes precedence over a prior oral order." *Wheatland Cold Storage and Meat Processing, Inc. v. Wilkins*, 705 P.2d 316, 319 (Wyo.1985); *see also Weisbrod v. Ely*, 767 P.2d 171, 177 (Wyo.1989). Despite indications in the transcripts that some evidence might have been allowed in during trial, Mr. Capshaw was barred from presenting his theory and defenses in opening statement and was given every indication that no such evidence would be allowed.

[¶ 10] The order effectively prohibits Mr. Capshaw from presenting his theory of the case to the jury. The record is clear that Mr. Capshaw was openly critical of WERCS's management, and he contends he was fired to silence that criticism. In essence, the employer agrees Mr. Capshaw was fired for his criticism characterizing it as "discrediting management." Mr. Capshaw clearly has the right to argue and attempt to persuade the jury that his criticism of management was in good faith and his discharge was in violation of his contract requiring good cause for termination. The only way he can succeed at trial is to convince the jury he had good reason for his criticism of management and problems did exist. "A party should be allowed an appropriate opportunity to present and develop that evidence relevant to that party's theory of the case." *Stauffer Chemical Company v. Curry*, 778 P.2d 1083, 1098 (Wyo.1989).

> Where the employer alleges that the employee was discharged for one reason ... and the employee presents evidence that he was really discharged for another reason ... the question also is one of fact for the jury. ***The jury is always permitted to determine the employer's true reason for discharging the employee.***

*Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880, 896 (1980) (emphasis added & footnote omitted); *see also Worley v. Wyoming Bottling Company, Inc.*, 1 P.3d 615, 623 (Wyo.2000) ("Whether an employee has been terminated for cause is generally a question of fact and,

thus, summary judgment is premature under these disputed facts.") The only way for Mr. Capshaw to refute his employer's claim he was unjustifiably "discrediting management" is to prove he had sufficient reason for his criticism. The verdict will be all but preordained if Mr. Capshaw is prevented from presenting evidence that the reasons given by his employer for his firing were only pretext. W.R.E. 401. This inevitable result leads us to the conclusion the district court abused its discretion in issuing the order granting the motion in limine and, therefore, the order must be reversed.

[¶ 11] In addition, the precise language of the order granting the motion in limine appears to limit only Mr. Capshaw's presentation of his theory of pretextual discharge with no corollary effect on WERCS. Therefore, it has the unfortunate potential to permit WERCS to raise the mismanagement issue in its opening and evidentiary presentation in support of its counterclaim while restraining Mr. Capshaw from responding in kind. This circumstance alone raises concerns the order is arbitrary, capricious, and, hence, an abuse of discretion.

[¶ 12] The hearing transcript reveals the district court was legitimately concerned with the potential for the trial to become unduly focused on the efficacy of the employer's management of the business. We are not saying the court must allow any and all evidence the parties offer on the subject of mismanagement, but it must allow sufficient, admissible evidence to permit them to argue to the jury that Mr. Capshaw either did or did not have a good faith basis to criticize management. Ultimately, the judge has discretion to control the amount of evidence and the resulting length of the trial. *Hall v. Hall*, 708 P.2d 416, 421 (Wyo.1985).

> The trial court retains considerable latitude even with admittedly relevant testimony in rejecting evidence which is cumulative or in requiring that evidence be brought to the jury's attention in a manner least likely to cause confusion. However, the litigant "is entitled to an opportunity to adduce relevant, competent evidence bearing on the issues to be tried." *Hamling v. United States*, 418 U.S. 87, 125, 94 S.Ct.

2887, 2911–12, 41 L.Ed.2d 590, reh'g denied 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974).... M. Graham, Handbook of Federal Evidence § 403.1 at 179 (2d ed.1986).

*Kobos By and Through Kobos v. Everts,* 768 P.2d 534, 546 (Wyo.1989); *see also Winterholler v. Zolessi,* 989 P.2d 621, 629 (Wyo. 1999).

[¶ 13] Moreover, the multiple, complex questions presented by an employment termination case can be and have been managed in the past through proper jury instructions. *See Ormsby v. Dana Kepner Co. of Wyo. Inc.,* 997 P.2d 465 (Wyo.2000). This method accommodates the receipt by the trier of fact of all relevant evidence and, at the same time, permits the parties to fully litigate their case theories.

[¶ 14] Reversed and remanded for further proceedings consistent with this decision.