2004 WY 76

**Albert PAULEY, Appellant (Plaintiff),**

v.

**Deborah NEWMAN, Appellee (Defendant).**

No. 03–90.

Supreme Court of Wyoming.

June 29, 2004.

---

Representing Appellant: Tom Sedar and Mel Dunn, Casper, Wyoming.

Representing Appellee: Gary R. Scott of Hirst & Applegate, P.C., Cheyenne, Wyoming.

Before GOLDEN, LEHMAN, and VOIGT, JJ., and RYCKMAN, and GUTHRIE, D.JJ.

VOIGT, Justice.

[¶1] In January 2000, Albert Pauley slipped on ice and fell on the sidewalk near Deborah Newman's garage. In the ensuing lawsuit, a Natrona County jury found that the ice upon which Pauley (the appellant) fell was from a natural accumulation of snow or water and the district court entered a judgment in favor of Newman (the appellee). The appellant subsequently filed a motion for a new trial, which motion the district court denied. On appeal, the appellant claims error in a jury instruction and the verdict form, and that the district court abused its discretion in denying the appellant's motion for a new trial. We affirm.

## ISSUES

1. Whether the jury instructions were erroneous or prejudiced the appellant?

2. Whether the district court erred in denying the appellant's motion for a new trial?

## FACTS

[¶2] The appellant and the appellee were neighbors. On January 9, 2000, the appellant took his dog for a morning walk. According to the appellant, it rained or had been "spitting rain" the night before; the weather was clear the morning of January 9th, but it remained "kind of wet outside," the sidewalks were "damp" and contained a "skiff of sleet...." The appellant did not encounter any "slick spots" during his walk until he reached a shaded area on the sidewalk near the north side of the appellee's detached garage, where the appellant "slipped on ice and fell." He "jammed" his elbow as a result of the fall and subsequently underwent surgery to repair a torn rotator cuff.

[¶3] At trial, the appellant's expert witness, a mechanical engineer, opined that the water (or "most" of the water) that formed the ice upon which the appellant fell came from a downspout attached to the appellee's garage, but acknowledged on cross-examination that it was "possible" the appellant could have fallen on ice that formed due to precipitation the night before.

[¶4] The appellant testified that the appellee "always kept her sidewalk clean" and did not recall encountering ice prior to January 9th in the area where he fell, although he sometimes encountered snow "right in front of [the appellee's] garage because ... it's shaded...." The appellant also vaguely recalled[1] that when the appellee assisted him immediately after the fall, the appellee stated that "somebody [had] just about fallen there before." The appellee testified that the appellant's fall was the first time in twenty years of living at that location that she was aware of a problem with ice or anyone falling on her sidewalk.

[¶5] In August 2002, a jury concluded that the appellant fell due to a natural accumulation of snow or water. Based on that finding, the district court entered a judgment in favor of the appellee. The appellant filed a motion for a new trial, which motion the district court denied. The appellant appeals from the judgment entered in favor of the appellee, and from the district court's denial of his motion for a new trial.

## STANDARD OF REVIEW

[¶6] We review alleged jury instruction error as follows:

"In considering the validity of instructions to a jury, we must determine whether the instructions, taken as a whole, adequately

---

1. The appellant admitted that he was "not sure about" whether the appellee in fact made this comment.

822

advise[d] the jury of the applicable law. *Banks v. Crowner,* 694 P.2d 101 (Wyo. 1985). Proper instructions should be clear declarations of the pertinent law. *Short v. Spring Creek Ranch, Inc.,* 731 P.2d 1195 (Wyo.1987). The ruling of a trial court on an instruction will not constitute reversible error unless there is a showing of prejudice, which connotes a demonstration by the complaining party that the instruction misled or confused the jury with respect to the applicable principles of law. *DeJulio v. Foster,* 715 P.2d 182 (Wyo.1986)."

*Ormsby v. Dana Kepner Co. of Wyo., Inc.,* 997 P.2d 465, 471 (Wyo.2000) (*quoting L.U. Sheep Co. v. Board of County Com'rs of County of Hot Springs,* 790 P.2d 663, 672 (Wyo.1990)). *See also Jensen v. Fremont Motors Cody, Inc.,* 2002 WY 173, ¶ 12, 58 P.3d 322, 326 (Wyo.2002). "To measure the degree of prejudice, jury instructions are viewed in the light of the entire trial, including the allegations of the complaint, conflict in the evidence on critical issues and the arguments of counsel." *State Farm Mut. Auto. Ins. Co. v. Shrader,* 882 P.2d 813, 832 (Wyo.1994).

▇▇▇ [¶ 7] The submission of, or the failure to submit, "a particular form of special verdict is vested in the sound discretion of the trial court." *Turcq v. Shanahan,* 950 P.2d 47, 53 (Wyo.1997); *see also Addakai v. Witt,* 2001 WY 85, ¶ 16, 31 P.3d 70, 73 (Wyo. 2001); *Webb v. ABF Freight System, Inc.,* 155 F.3d 1230, 1249 (10th Cir.1998), *cert. denied,* 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999); and W.R.C.P. 49.

"[T]he core of our inquiry must reach 'the question of reasonableness of the choice made by the trial court.' *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). 'Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.' *Id.* (quoting *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236, 1238 (1985)); *Basolo [v. Basolo ],* 907 P.2d [348] at 353 [Wyo. 1995]. We must ask ourselves whether the district court could reasonably conclude as it

did and whether any facet of its ruling was arbitrary or capricious."

*Young v. HAC, LLC,* 2001 WY 50, ¶ 6, 24 P.3d 1142, 1144 (Wyo.2001) (*quoting Carlton v. Carlton,* 997 P.2d 1028, 1031 (Wyo.2000)).

## DISCUSSION

### JURY INSTRUCTION ISSUES

▇▇▇ [¶ 8] The appellant argues that the verdict form misled or confused the jury in that it foreclosed the jury from properly applying the law contained in other instructions to the evidence presented at trial. In particular, the appellant contends that by asking whether the ice at issue was from a natural accumulation of precipitation, the verdict form "only allowed the jury to choose between an accumulation of snow or water that was wholly natural or wholly unnatural" (rather than "a combination of natural and unnatural accumulation of snow or ice"), and did not allow the jury to consider whether "an unnatural accumulation had occurred, or whether a natural accumulation was aggravated or made more dangerous by something the [appellee] did, in this case have an improperly located down spout on her garage."

[¶ 9] The district court instructed the jury as follows regarding natural and unnatural accumulations of precipitation:

### INSTRUCTION NO. 8

In this case defendant owed the plaintiff a duty of reasonable care under the circumstances if the ice upon which the plaintiff slipped and fell was from an unnatural accumulation of water or snow. If the ice upon which the plaintiff fell was from a natural accumulation of water or snow, then defendant owed the plaintiff no duty [of] care under the law. A homeowner of property is not liable for injuries resulting from a slip and fall on a natural accumulation of snow or ice, and a homeowner has no legal duty to clear her sidewalk of naturally accumulated snow or ice.

To prove that an accumulation of ice or snow is unnatural, the plaintiff has the burden to show (1) that the defendant created or aggravated the hazard; (2) that the defendant knew or should have known

of the hazard; and (3) that the hazardous condition was substantially more dangerous than it would have been in its natural state.

Whether the ice upon which the plaintiff slipped and fell was from an unnatural accumulation or whether it was from a natural accumulation of water or snow, the plaintiff had a duty to exercise ordinary care under the circumstances in order to avoid injuring himself while on the defendant's property.[2]

[¶ 10] The parties each apparently submitted a proposed verdict form to the district court. The district court gave the jury a special verdict form based on the appellee's submission, which verdict form first asked the jury to determine the following:

1. Was the ice upon which the Plaintiff Albert Pauley fell from a natural accumulation of snow or water?

Yes _____ No _____

If you answered this Interrogatory yes, have the Presiding Juror sign this verdict form and return it to the Bailiff.

The appellant objected to this verdict form at trial,[3] and offered a verdict form that instead asked the jury to determine the following:

1. Was the defendant, Deborah Newman, negligent?

Yes _____

No _____

If you have answered Yes to question no. 1, please answer question no. 2. If you have answered No to question no. 1, please have the presiding juror sign this verdict and notify the bailiff.

In the alternative, the appellant argued that a verdict form based on the appellee's submission should ask either whether the ice upon which the appellant fell was "entirely" from a natural accumulation of precipitation, or whether it was from an "unnatural" accumulation of precipitation.

[¶ 11] We cannot say that the district court abused its discretion in submitting a special verdict to the jury regarding the appellee's duty of care.[4] A key, disputed issue at trial was whether the appellant fell on a natural, or an unnatural, accumulation of precipitation. We have recognized that "in certain instances the question of duty hinges upon the determination of certain basic facts and, in those rare circumstances, the question of the existence of a duty is properly placed before the trier of fact." *Selby v.*

---

2. Jury Instruction No. 9 also stated that "If you find that the plaintiff owed a duty of care to defendant, that is that the ice upon which the [plaintiff] slipped and fell was from an unnatural accumulation of ice and snow, then this case must be determined on the basis of comparative fault of the parties."

3. W.R.C.P. 51(b) states:

*Further instructions; objections.*—At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. Before the argument of the case to the jury has begun, the court shall give to the jury such instructions on the law as may be necessary and the same shall be in writing, numbered and signed by the judge, and shall be taken by the jury when it retires. No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

4. W.R.C.P. 49(a) states:

(a) *Special verdicts.*—The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

*Conquistador Apartments, Ltd.,* 990 P.2d 491, 494 (Wyo.1999).

[¶ 12] We also cannot say that the form of the special verdict misled or confused the jury with respect to the applicable principles of law. The special verdict asked the jury to determine whether the ice upon which the appellant fell resulted from a natural accumulation of snow or water. Our standard of review requires that we consider the jury instructions as a whole, and not in isolation. *Turcq,* 950 P.2d at 51 (*quoting L.U. Sheep Co.,* 790 P.2d at 672); *Banks v. Crowner,* 694 P.2d 101, 105 (Wyo.1985). It is apparent from reading the special verdict *together* with Instruction No. 8 that the jury was not precluded from considering whether the appellant's fall resulted from an unnatural accumulation of precipitation or the appellant's contentions regarding the role of precipitation from the appellee's garage downspout in creating or aggravating the hazard upon which the appellant fell. Both parties agree that Instruction No. 8 was a correct statement of the law to the extent it set forth the "natural accumulation" rule. *See Selby,* 990 P.2d at 494. The instruction clearly explained the relationship between natural and unnatural accumulations of precipitation vis-a-vis the appellee's legal duty of care,[5] and stated what elements the appellant was required to prove in order to establish that the accumulation at issue was unnatural. Indeed, an unnatural accumulation, as defined in Instruction No. 8, necessarily encompassed whether the appellee created or aggravated the hazard and whether the hazardous condition was substantially more dangerous than it would have been in its natural state. *See Selby,* 990 P.2d at 495–96.

[¶ 13] We further note that the appellant's counsel referred to Instruction No. 8 during his closing argument, and specifically claimed that the ice upon which the appellant fell was due to an unnatural accumulation (the increased flow of water to that shaded area of the sidewalk from the appellee's garage downspout created or aggravated the

hazard), the appellee knew or should have known of the hazard, and the hazardous condition was substantially more dangerous than it would have been in its natural state. The appellant's counsel also argued that the jury should answer "no" to the first question on the verdict form because after the natural precipitation had subsided, "there was still tons of water rolling off this roof and rolling right to [the spot where the appellant fell]. There was no way that you could safely say that's a natural accumulation. That's unnatural. And that's why he fell."

[¶ 14] The district court exercised its discretion in establishing the particular form of the special verdict. The special verdict could just as easily have asked the jury to determine whether the appellant's fall resulted from an "unnatural" accumulation of precipitation. However, the " 'fact that an instruction may have been ... drafted in a way more favorable to a party does not warrant reversal for a new trial.' " *Shrader,* 882 P.2d at 832 (*quoting Triton Coal Co., Inc. v. Mobil Coal Producing, Inc.,* 800 P.2d 505, 512 (Wyo.1990)). The appellant has not demonstrated that, considering the circumstances of the instant case, he was prejudiced by the form of the special verdict.

[¶ 15] The appellant similarly objected, at trial, to the following jury instruction given by the district court:

### JURY INSTRUCTION NO. 5

This is a civil lawsuit arising out of an accident that occurred on January 9, 2000 here in Casper. On that date the plaintiff, Albert Pauley, was walking his dog around his neighborhood block. As the plaintiff walked upon the sidewalk adjacent to defendant Deborah Newman's garage, Mr. Pauley slipped on some ice and fell. Mr. Pauley has brought this lawsuit against Ms. Newman for the injuries he claims he received in that accident. Mr. Pauley contends that he slipped upon some ice that resulted from water draining from the plaintiff's garage, which water subsequent-

---

5. The appellant does not argue that the district court improperly instructed the jury as to the legal effect of its answer to the special verdict.

ly froze on the sidewalk. Mr. Pauley contends that Ms. Newman was negligent in permitting that condition to exist, and was negligent in not maintaining her sidewalk. Mr. Pauley contends that as a result of his slip and fall, he injured his shoulder, which has resulted in medical bills, disability, and loss of enjoyment of life.

The defendant Deborah Newman contends that the ice upon which Mr. Pauley slipped was the result of snow or mist that had fallen the night before on the sidewalk, and frozen. Ms. Newman denies that the icy condition on the sidewalk was created by her. Ms. Newman also denies that she was at fault, and contends that the icy condition was created overnight, with the accident then occurring the early morning of the following day. Ms. Newman also contends that Mr. Pauley himself was at fault for his accident in not being more careful walking in winter conditions.

These are only the contentions of the parties, and should not be considered by you to be evidence in the case.

On appeal, the appellant argues that this instruction is a misstatement of the law because the "instruction never mentions. the possibility of the combination of a natural and unnatural accumulation of ice or snow, or that the [appellee] may have aggravated a natural accumulation."

[¶ 16] We note that Jury Instruction No. 5 merely summarized the parties' contentions. It did not purport to be a statement of the law, a statement of the evidence in the case, or an exhaustive account of the parties' contentions.[6] We fail to see how the wording of this jury instruction conflicts with Instruction No. 8, which instruction the appellant concedes is a correct statement of the law with respect to natural and unnatural accumulations of precipitation, or how Jury Instruction No. 5 could conceivably have misled or confused the jury as to the applicable law. During his closing argument, the appellant was permitted full rein (within the legal framework established by Instruction No. 8) in arguing the role of precipitation from the appellee's garage downspout in creating or aggravating the hazard upon which the ap-

pellant slipped and fell. The appellant has not demonstrated that he was prejudiced by Jury Instruction No. 5. *See generally Garnick v. Teton County School Dist. No. 1*, 2002 WY 18, ¶ 28, 39 P.3d 1034, 1048 (Wyo. 2002).

### MOTION FOR NEW TRIAL

 [¶ 17] The appellant filed a motion for a new trial in August 2002, which motion the district court denied. In that motion, the appellant presented essentially the same arguments we addressed previously in this opinion. "Trial courts have broad discretion when ruling on a motion for new trial, and they will not be reversed absent an abuse of that discretion." *Id.*, 2002 WY 18, ¶ 6, 39 P.3d at .1038. We have concluded that the jury instructions at issue were not erroneous. Accordingly, we find that the district court's denial of the appellant's motion for a new trial was not an abuse of discretion.

[¶ 18] Finding no reversible error, we affirm.

---

6. The appellant does not argue that he was, in effect, denied a "theory of the case" instruction.